Froessel, J.
The. question presented to us here is whether a judgment creditor may issue execution against personal property as well as against specific real property under section 512 of the Civil Practice Act, in a case involving two judgments aggregating $4,503.13, both within one day of 20 years old, on which no prior execution had been issued or leave obtained under section 651 of the. Civil Practice Act, and the 10-year lien had expired 10 years previously.
' Thoughtful opinions have been written below. Special Term, setting forth the relevant facts, held that such an execution may not be issued without obtaining leave. The Appellate Division acknowledged that the question involved was ‘ ‘ a close one ’ ’, disagreed with Special Term, but granted leave to appeal. It followed Mineola Plumbing Supply Co. v. Taylor (280 App. *244 Div. 873) and Wyser v. Estrin (285 App. Div. 827), which in turn followed Rondout Nat. Bank v. Shappee (192 Misc. 727).
We agree with the views expressed by Special Term, and with its action in vacating the executions issued under the two judgments involved herein, the notices of levy and the levies made thereunder. After consideration of the relevant statutes and their historical background, we do not believe it was the Legislature’s intention that a judgment creditor or his assignee who sleeps on his rights for 5 years must obtain leave to issue an execution, whereas if he sleeps on his rights for 10 or as many as 20 years, such leave is unnecessary.
The law provides that a judgment of record shall be good for 20 years (Civ. Prac. Act, § 44). Such a judgment may be revived or continued by commencing an action on the judgment within the 20 years (Civ. Prac. Act, § 484; Matter of Murray, 272 N. Y. 228). The original judgment is a lien on real estate for 10 years (Civ. Prac. Act, § 510). Execution may be issued as of course during the first 5 years (Civ. Prac. Act, § 650). After the lapse' of 5 years, execution may only be issued (1) where one was issued within the first 5 years, or (2) by leave of court (Civ. Prac. Act, § 651). In this case no prior execution was ever issued. After 10 years, real property may be levied on by an execution in the manner prescribed by section 512 of the Civil Practice Act, but nowhere in said section is there a suggestion that section 651 may be disregarded. All sections are a part of the same ‘ ‘ act ’ ’. It is an elementary rule of interpretation that all parts of an act are to be read and construed together to determine the legislative intent, and that all should be harmonized with one another (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 97, 98). In this ease, then, the judgment creditor should have sought leave of court before issuing the executions in question.
That this is a salutary rule is illustrated by additional facts in this case. Plaintiff issued an execution against “ personal property of said judgment debtor ” before resort to the real estate, which is the form, of execution prescribed in section 643 of the Civil Practice Act. At the time, we are told, the judgment debtor was possessed of personal property in excess of $27,000, including a balance in a checking account in a New York bank in exdess of $15,000, of which the judgment creditor *245 had knowledge. Had the judgment creditor applied for leave before issuing executions 20 years after the rendition of the judgments, the court could have required him to resort to the personal property first (Civ. Prac. Act, §§ 643, 651), instead of permitting him to appropriate the judgment debtor’s real estate without notice and with needless additional expense..
The order appealed from should be reversed and the orders of Special Term reinstated, with costs in this court and in the Appellate Division, and the questions certified answered in the affirmative.
Chief Judge Conway and Judges Fulo and Van Voorhis concur with Judge Froessel ; Judges Desmond, Dye and Burke dissent and vote to affirm upon the opinion of the Appellate Division.
Order reversed, etc.