*515 OPINION OF THE COURT
Leon D. Lazek, J.
In this article 78 proceeding, a resident of the Town of Brookhaven seeks judgment directing the supervisor, town clerk and town board of the town (collectively hereafter the "town”) not to hold public meetings at the Brookhaven Town Hall until facilities are installed which would permit "barrier-free” access by the physically handicapped. Petitioner lost his lower left leg during combat service with the United States Marines during World War II and has difficulty in walking and climbing stairs, with or. without his crutches. Meetings of the Brookhaven Town Board usually are held on the second floor of the town hall in a meeting room which is accessible only by ascending a winding staircase which has more than 20 steps. Although ramp access to the town hall building itself has been constructed, the ramp is at the rear of the building and petitioner alleges that the door to which the ramp leads is kept locked. Petitioner further claims that his physical handicap has prevented and continues to prevent him from access to and participation in public hearings and meetings conducted by the town board "or its departments or boards, including the Zoning Board, at Town Hall.” Neither the zoning board of appeals nor any other town agency apart from the town board and the named codefendants have been joined as respondents.
At issue is the meaning of and the degree of imperative implied by the language used by the Legislature in subdivision (b) of section 98 and section 74-a of the Public Officers Law (L 1977, ch 368 [§ 93 renum 98, L 1977, ch 933, §2]) which became effective on September 1, 1977. These sections read as follows:
"§ 98. Open meetings and executive sessions * * *
"(b) Public bodies shall make or cause to be made all reasonable efforts to ensure that meetings are held in facilities that permit barrier-free physical access to the physically handicapped, as defined in subdivision five of section fifty of the public buildings law.”
"74-a. Duty of public officers regarding the physically handicapped
"It shall be the duty of each public officer responsible for the scheduling or sitting of any public hearing to make reasonable efforts to ensure that such hearings are held in *516 facilities that permit barrier-free physical access to the physically handicapped, as defined in subdivision five of section fifty of the public buildings law.”
Subdivision 5 of section 50 of the Public Buildings Law referred to in the quoted sections defines "physically handicapped”, inter alia, as follows:
"(a) impairment requiring confinement to a wheel chair; or
"(b) impairment causing difficulty or insecurity in walking or climbing stairs or requiring the use of braces, crutches or other artificial supports; or impairment caused by amputation * * * or other ills rendering the individual semi-ambulatory”.
Petitioner’s proceeding followed quick upon the effective date of the new enactments and during oral argument on September 20, 1977 he sought immediate proscription of further public meetings at the town hall. The. town’s response was that it was moving promptly to obtain specifications and bids for the construction of an elevator which would resolve the problem. In its law memorandum, the town has pointed to continuing efforts on its part to meet the legislative command such as the undertaking of feasibility studies and by providing for the presence of members of the auxiliary police at public meetings to assist handicapped persons to the meeting rooms. In a supplemental affirmation submitted on November 21, 1977, the town asserts that specifications have been drawn and that it is about to bid out the contracts for the construction of an elevator in town hall. In addition, the town appears to have written to five schools in the town seeking the use of their facilities for public meetings. The town thus concludes that it is making the "reasonable efforts” referred to by the Legislature.
Although it is apparent that the town is moving with due dispatch to alter the town hall, the papers submitted contain no indication as to when the elevator will be completed, nor is there any clue as to the response from the schools which have been solicited. Barrier-free access to public meetings still is not a reality despite the statutory mandate which has been in existence since last summer. The question is whether the town’s laudable movement in the direction of architectural revision and its letters to various schools may be deemed to constitute "reasonable efforts” to insure that meetings are held in barrier-free facilities.
The term "reasonable efforts” was criticized as ambiguous in several communications from State agencies prior to the *517 Governor’s approval of the statutory amendments (see Governor’s bill jacket) and this proceeding cannot be determined without construction of the language utilized. Subdivision (b) of section 93 of the Public Officers Law constitutes an amendment to the Open Meetings Law first enacted last year (see Public Officers Law, art 7 [L 1976, ch 511]). In section 95 of the Open Meetings Law, the Legislature declared that it was "essential to a democratic society that citizens * * * be * * * able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy.” Subdivision (b) of section 98 extends the benefits of the Open Meetings Law to the handicapped by making special provisions for their access to such meetings.
Not only should a statute be construed as a whole and all parts of an act be read and construed together to determine the legislative intent (Levine v Bornstein, 4 NY2d 241), but basic to the interpretation of any statute is the general spirit and purpose underlying its enactment and that consideration is to be preferred which furthers its object, spirit and purpose (Williams v Williams, 23 NY2d 592; Rankin v Shanker, 23 NY2d 111; People v Kaye, 212 NY 407, mot for rearg den 213 NY 648; McKinney’s Cons Laws of NY, Book 1, Statutes, § 96). Where a statute is ambiguous, it should be construed according to its apparent general purpose with a view to executing the design and purpose of the act (Drew v Village of White Plains, 157 App Div 394) and, indeed, its inherent purpose should point the direction of its interpretation (Farrell v New York Evening Post, 167 Misc 412).
That the enactment of subdivision (b) of section 98 and section 74-a of the Public Officers Law reflected a legislative intent to compel public bodies to reasonably accommodate their meetings to the needs of the physically handicapped is obvious. Since the terms for compliance with that intent were stated in section 74-a, however, the almost redundant insertion of essentially similar language in subdivision (b) of section 98 of the Open Meetings Law tends to establish the strength of public policy considerations underlying the Legislature’s action and the fact that the statutes are not merely precatory. The "reasonable efforts” required by the Legislature must be viewed in the context of the force of the public policy expressed by it and the statutes should be interpreted in a manner which will tend to accomplish the legislative goal. Plainly, "reasonable efforts” can take the form of alter *518 ing existing owned meeting facilities which contain barriers, moving to other available facilities or combining these options when necessary. The town board’s efforts to alter the town hall have been quite expeditious, but considering the effective date of the statutes involved, the failure to move town board meetings to other available barrier-free facilities requires judicial intervention particularly because there has been no showing that such movement would in any fashion disrupt governmental operations. Indeed, judicial notice will be taken of the fact that over the years numerous meetings of the town board have been held in public school facilities. Under the circumstances, the time for achievement of the Legislature’s purpose has arrived.
Commencing January 1, 1978 the Town Board of Brookhaven is directed to conduct all of its meetings with the exception of executive sessions (as defined in subdivision 3 of section 97 of the Public Officers Law) at barrier-free facilities. The judgment to be entered hereon shall not apply to meetings already advertised.