OPINION OF THE COURT
Harold Hyman, J.
This is a motion by plaintiff, Joseph Quarant, for an extension of his judgment lien pursuant to CPLR 5203 (subd [b]).
On August 23, 1971, a money judgment of $11,166.50 was entered in favor of plaintiff and against the defendants, Armand and Rose Ferrara, in Civil Court, Kings County. According to plaintiff, a transcript was filed on September 2,1971 with the County Clerk of Kings County, and on September 7, 1971, with the County Clerk of Queens County, since defendants Ferrara then owned property in Howard Beach, County of Queens. The Queens County property was sold by the defendants to Angelo and Angela Limitone, the current owners, on June 15, 1979 by deed dated that day and recorded June 20,1979. It appears that the Ferraras presently own real. property in Far Rockaway, Queens County.
*1043 Plaintiff’s judgment became a lien on the judgment debtors’ (Ferraras) real property in Howard Beach as of September 7, 1971, because only then, upon the filing of the transcript with the County Clerk, was the judgment formally recorded in the docket books. (CPLR 5018, subd [a].) However, the 10-year realty lien, although realized when the lower court judgment is duly docketed, is measured not from the time of docketing, but from the filing of the judgment roll (CPLR 5203, subd [a]; Levine v Bornstein, 4 NY2d 241), which is essentially the moment the judgment was entered (CPLR 5017, subd [a]). Hence, in the matter at hand, the lien would have expired on August 23, 1981: 10 years after the August 23, 1971 filing of the judgment roll with the lower court clerk in Kings County.
The lien of a filed judgment also attaches to an after-acquired interest in real property of a judgment debtor. (CPLR 5201, subd [b]; 5203, subd [a]; Hulbert v Hulbert, 216 NY 430.) But such lien remains thereon only during the effective period of the judgment lien. Thus, although the original judgment lien may have become a lien upon the real property subsequently acquired by the judgment debtors (Ferraras), this too expired on August 23, 1981.
The question remains, to wit: What remedies are available to the judgment creditor to enforce a judgment against réhl property after the lien period has expired?
In order to qualify for an extension of the lien beyond the period of 10 years so as “to complete advertisement and sale of real property”, CPLR 5203 (subd [b]) requires that an execution on the judgment be delivered to the Sheriff in the county where the property is situated “prior to the expiration of ten years from the filing of the judgment-roll.” (2A Warren’s Weed, NY Real Property, Judgments for Money, § 3.07, p 24.) Here, however, the 10-year lien period has already expired and the judgment creditor neglected to deliver an execution to the Sheriff. Counsel for plaintiff judgment creditor concedes his nondelivery of an execution to the Sheriff, and therefore supplements his motion by seeking leave of the court to deliver the execution nunc pro tunc.
It is hornbook law and a statutory prerequisite that a judgment creditor’s motion to extend the original 10-year *1044 period to cover the time necessary to conduct the execution sale is permissible only if the creditor duly delivered an execution to the Sheriff before the 10 years expired. (CPLR 5203, subd [b]; 2A Warren’s Weed, NY Real Property, Judgments for Money, §3.07, p 24; Siegel, New York Practice, § 517, p 705.)
With the judgment itself being enforceable for 20 years after the docketing of the judgment (CPLR 211, subd [b]) but its effect as a lien having already expired before the judgment creditor has delivered an execution to the Sheriff, recourse may be had to CPLR 5235, which allows the Sheriff to file a “Notice of Levy” with the realty county’s clerk, upon receipt of an execution. (6 Weinstein-KornMiller, NY Civ Prac, pars 5203.06, 5235.01.) “The lien [of levy] under CPLR 5235 does not ‘revive’ the ten-year judgment lien and it cannot be made effective as of some date prior to the filing of the notice of levy so as to disrupt rights in the land acquired by third persons. The temporary lien is entirely independent of and is not governed by the procedures applicable to the judgment lien. It applies to any real property specified in the notice of levy * * * and is not restricted to property that was subject to the original judgment lien.” (6 Weinstein-Korn-Miller, NY Civ Prac, par 5235.02; emphasis added.)
As stated, the temporary lien will apply to newly acquired property, but will cease to be a lien as against subsequent bona fide purchasers of the formerly owned realty even though the purchase, provided it was not fraudulent, was made with full knowledge of the existence of the prior judgment (Atlas Refining Co. v Smith, 52 App Div 109).
Thus, as astutely pointed out by the attorneys for the Limitones and Roosevelt Savings Bank, the present owners and mortgagee, respectively, of the Howard Beach property, plaintiff’s remedy is to seek a temporary lien against the real property presently owned by the defendant judgment debtors.
Alternatively, the judgment. creditor can sue on his judgment afresh so as to get a new judgment, thereby acquiring a new 10-year lien. (CPLR 5014, subd 1; Siegel, *1045 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5235:l, p 415; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5203.05.)
Accordingly, the relief sought by plaintiff being unrecognized at law,, the motion must be denied.