Meyer, J.
(dissenting). Because, in my view, the majority’s restrictive reading of CPL 210.20 (subd 2) is clearly inconsistent with the intent of the Legislature, I respectfully dissent.
Article 255 deals with pretrial motions. CPL 255.10 (subd 1, par [a]) defines a pretrial motion “as used in this article” as “any motion by a defendant which seeks an order of the court: (a) dismissing an indictment pursuant to article 210”. CPL 210.20 (subd 1, par [g]) provides that “the superior court may, upon motion of the defendant, dismiss such indictment * * * upon the ground that: * * * (g) The defendant has been denied the right to a speedy trial”.
CPL 255.20 (subd 1) directs that, “Except as otherwise expressly provided by law * * * all pre-trial motions shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment.” The last clause of that sentence gives a superior court Judge the power to fix a time beyond 45 days and imposes no limitation on that power other than that defendant’s *208 application be made prior to entry of judgment (i.e., imposition of séntence [CPL 1.20, subd 15]).
In addition to the discretion thus vested in the Trial Judge with respect to a pretrial motion, the second sentence[1] of CPL 255.20 (subd 3) expressly provides that, “Any other pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits.” That provision unmistakably vests the Trial Judge with discretion “at any time before sentence, [to] entertain and dispose of the motion on the merits.” Here the affidavit of the Assistant District Attorney acknowledges that defendant’s counsel indicated on October 9, 1981 in the calendar part that he intended to file a 30.30 motion, and that on October 27, 1981, when the case was assigned to a trial part, “the calendar judge indicated that any 30.30 motion should be litigated after the trial, if necessary.” After trial, defendant’s counsel made a written motion pursuant to CPL 30.20 and 30.30 to dismiss for lack of a speedy trial. The Calendar Judge considered the application on the merits and denied it, and the Appellate Division affirmed.
The majority now affirms, not on the merits, but on the ground that the Calendar Judge had no authority to consider the merits. It does so on the basis of CPL 210.20 (subd 2), which provides that, “A motion pursuant to this section, except a motion pursuant to paragraph (g) of subdivision one, should be made within the period provided in section 255.20. A motion made pursuant to paragraph (g) of subdivision one must be made prior to the commencement of trial or entry of a plea of guilty.” It does so by reading the last sentence of that subdivision as an absolute time bar, notwithstanding that the reference to CPL 255.20 in the first sentence makes clear beyond peradventure that the Legislature was aware of both the provision for timely motions in CPL 255.20 (subd 1) and also of the discretion to consider untimely motions that is vested in the Trial Judge Icy *209 both the first sentence of CPL 255.20 (subd 1) and the second sentence of CPL 255.20 (subd 3). But while the first sentence of CPL 210.20 (subd 2) expressly provides by law that a speedy trial motion need not be made within 45 days (because, of course, it cannot be), nothing in its second sentence or in the second sentence of CPL 255.20 (subd 3) or in the first sentence of CPL 255.20 (subd 1) indicates in any way[2] that the discretion granted by the latter two provisions was not to apply to a speedy trial motion. The majority’s concern with which is the general and which specific is thus misguided, for that rule applies only where the two provisions are incompatible (People v McLaughlin, 93 Misc 2d 980,985-986; see Levine v Bornstein, 4 NY2d 241; People ex rel. Knoblauch v Warden, 216 NY 154, 156-157; McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 97, 98, 238) and, as the foregoing discussion shows, there is no conflict between the authorization granted by CPL 255.20 (subd 3) to consider untimely motions and the reference in CPL 210.20 (subd 2) to CPL 255.20, which simply describes when a motion to dismiss on speedy trial grounds will be timely.
Indeed, the contrary is made indelibly clear when one tracks the language of CPL 210.20. Chapter 763 of the Laws of 1974 inserted article 255 into the Criminal Procedure Law. Prior to the adoption of that statute, CPL 210.20 (subd 2) contained three sentences. The first fixed the period of time for motions other than for dismissal on speedy trial grounds. The second (which read exactly as the present second sentence) provided that the latter motion “must be made prior to the commencement of trial or entry of a plea of guilty.” The third, however, in language almost identical with that of the second sentence of *210 CPL 255.20 (subd 3)[3] gave the Trial Judge discretion to entertain motions for dismissal on various grounds, including speedy trial violations, “at any time before sentence.” Only because! of the enactment of CPL 255‘.20 (subd 3) which consolidated in one provision the power to entertain all untimely “pretrial” motions was the third sentence of CPL 210.20 (subd 2) deleted, as was the analogous language in CPL 170.30 (subd 2) relating to motions to dismiss an information on grounds inclusive of denial of the right to a speedy trial, in CPL 240.30, relating to discovery, and in CPL 200.90, relating to bills of particulars.
Nor does the argument of the majority that posttrial consideration of a speedy trial motion squanders the resources of the court and involves all of the trial participants in a fool’s errand withstand analysis. A motion to dismiss on the ground that prosecution is barred by the Statute of Limitations (CPL 210.20, subd 1, par [f]) or in the interest of justice (id., par [i]) is subject to the same criticism; yet there can be no question that such a motion is a pretrial motion within the meaning of the second sentence of CPL 255.20 (subd 3). It is even more of a fool’s errand to permit, as CPL 210.20 (subd 1, par [b]), in combination with CPL 255.20 (subd 3), clearly does, the making after trial of a motion to dismiss on the ground that the evidence before the Grand Jury was not legally sufficient, when CPL 210.30 (subd. 6) makes appeal on such a ground impossible if there was legally sufficient trial evidence, and when the Trial Judge, if he dismisses after trial for insufficiency of the evidence before the Grand Jury has the power to direct resubmission of the matter to another Grand Jury (CPL 210.20, subd 4), thereby allowing the defendant to have another trial. Of course, such a scenario is unlikely, but it is possible under the statute, and that possibility demonstrates the fallacy in the majority’s interpretation of the statute.
Finally, the suggestion that the 30.30 motion is a matter of legislative grace, as to which, “unlike a constitutional claim for denial of a speedy trial” (majority opn, p 205), defendant must comply strictly with statutory requirements, is of no greater validity. CPL 210.20 (subd 2) makes no distinction between constitutional and statutory speedy trial motions. Either both *211 may be made, in the Trial Judge’s discretion, at any time before sentence under CPL 255.20 (subd 3), or neither may be. And as is clear, from the wording of the statutes in question, from the absence of any legislative history to support the thesis of the majority and from the clear refutation of that thesis by the manner in which the changes made by chapter 763 of the Laws of 1974 were made, the Legislature did not intend what the majority now reads into CPL 210.20 (subd 2).
As an alternate reason for refusing to reach the merits, the majority states that in deferring the motion the Calendar Judge did not exercise discretion and that, in any event, her entertainment of the motion was an abuse of discretion as a matter of law because defendant had not demonstrated good cause. There being no other basis for deferral of the motion until after trial and no reason to believe that the Calendar Judge deliberately violated the statute, the necessary implication is that she acted in what she thought was the discretion vested in her by CPL 255.20 (subd 3) or CPL 210.20 (subd 2), or both. Moreover, under the second sentence of CPL 210.20 (subd 2), defendant had the absolute right to make his speedy trial motion on October 27, 1981, “prior to the commencement of trial.” Thus, the only possible abuse of discretion would be in the Judge’s acceptance of the written speedy trial motion after trial and ruling upon it on the merits. As to that, however, defendant’s counsel had good cause for the delay — the direction of the Calendar Judge that the motion “be litigated after the trial, if necessary”! Finally, even if we accept the majority’s premise that defendant’s counsel was obligated to show cause on October 27, there is nothing in the record to indicate the basis for the Calendar Judge’s direction to defer the motion until after trial. Whether she abused her discretion has never been raised or argued below. At the very least, therefore, we should remit for a hearing before holding that there was an abuse of discretion as a matter of law, for we have no way of knowing what basis defendant’s counsel advanced for requesting deferral of the motion until after trial.
In sum, the majority’s refusal to consider the merits of the speedy trial issue is without basis. Were the merits reached I would reverse, but this being a dissent, and the issue of importance to criminal procedure being the majority’s truncation of the power granted the superior court Judge by the Legislature, no useful purpose would be served by articulation of my reasons on the merits.
*212 Chief Judge Cooke and Judges Jasen, Jones and Wachtler concur with Judge Simons; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Kaye concurs.
Order affirmed.

. To be distinguished is the first sentence of the subdivision, which mandates that the Trial Judge consider appropriate pretrial motions if its conditions are met. Its language is: “Notwithstanding the provisions of subdivisions one and two hereof, the court must entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two.”

. The legislative history contains no such indication either (see 1972 Report of NY Judicial Conference Advisory Committee on the CPL, reprinted in 1973 McKinney’s Session Laws of NY, pp 2076-2077; 1973 Report of NY Judicial Conference Advisory Committee, reprinted in 1973 McKinney’s Session Laws of NY, pp 2080-2081; 1974 Report of NY Judicial Conference Advisory Committee, reprinted in 1974 McKinney’s Session Laws of NY, p 1828). Those Reports show that the Committee’s proposal was made because “[t]he proliferation of such motions, the possibility that different judges may be required to decide different motions in the same case, and the possibility that motions may be filed late for the purpose of delaying trial, all combine to create a situation needing a solution.” Nothing in the Reports suggests that it was intended to except speedy trial motions from the discretion granted by CPL 255.20 (subds 1, 3), nor is there anything in the legislative history of CPL 210.20 (subd 2) to suggest that its second sentence was intended to do more than fix the time within which a speedy trial motion would be timely. Moreover, as is developed below, the form of the amendment made by chapter 763 of the Laws of 1974 to CPL 210.20 clearly demonstrates the contrary.

. The sentence read: “A motion made thereafter may be summarily denied, but the court, in the interest of justice and for good cause shown, may, in its discretion, encertain and dispose of the motion on the merits at any time before entry of a plea of guilty or commencement of trial if the motion is based ' upon a ground prescribed in paragraph (b) or (i) of subdivision one, or at any time before sentence if the motion is based upon any other ground.” Neither (b) nor (i) concern a speedy trial motion.