OPINION OF THE COURT
John G. Connor, J.
Defendants originally moved before this court at Special Term, October 18, 1985 for an order pursuant to Debtor and Creditor Law § 150 directing that a judgment docketed by plaintiff be discharged of record. The foundation of defendants’ motion was their contention that the judgment was vitiated by a discharge they obtained through Federal bankruptcy proceedings. From the relatively sparse facts and argument presented by plaintiff in opposition to the original motion, the court could perceive no reason why the relief should not be granted (see, memorandum decision of Justice John G. Connor dated Nov. 19, 1985).
Thereafter, plaintiff obtained from this court an order to show cause staying any further action upon this court’s decision pending a determination of plaintiff’s motion for reargument. Reargument was granted since a more complete rendition of the facts indicated that this court may have misapprehended the facts or misapplied certain relevant principles of law (see, Foley v Roche, 68 AD2d 558, 567-568).
The pertinent facts are not disputed. Plaintiff obtained a judgment against defendants from the Superior Court of the District of Columbia, entered there on October 26, 1982. The judgment was then filed in the Ulster County Clerk’s office on January 13, 1983, and plaintiff served a copy of the judgment *127 with notice of entry upon defendants January 25, 1983. Defendants filed a petition in bankruptcy on March 21, 1983. Plaintiff was a listed creditor on the bankruptcy petition and filed a proof of claim relative to the judgment in question here. Defendants obtained a discharge in bankruptcy on May 8, 1984. In September of 1985, defendants served the notice of motion to discharge the judgment of record pursuant to Debtor and Creditor Law § 150, which motion was granted by this court in its decision dated November 19, 1985.
There is no dispute that the personal liability of defendants as to plaintiff’s claim was extinguished by the discharge in bankruptcy (see, 11 USC § 524 [a] [1]). The issue presented here, however, is whether the judgment docketed by plaintiff prior to defendants’ petition in bankruptcy survived the bankruptcy discharge. If the judgment did survive the discharge in bankruptcy, defendants are not entitled to remove the judgment of record pursuant to Debtor and Creditor Law § 150 as previously granted by this court.
At the time plaintiff docketed the judgment in the Ulster County Clerk’s office, defendants owned a parcel of real property in the Town of Woodstock in Ulster County. Pursuant to CPLR 5203, the judgment became a lien upon the defendants’ real property when it was docketed in January of 1983 (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5203:2, p 102). When defendants subsequently filed a petition in bankruptcy, plaintiff held a judicial lien, as defined by 11 USC § 101 (30), against the real property in question.
Within the bankruptcy proceeding, defendants exercised their right to exempt from the bankruptcy estate the $10,000 equity they held in the property at that time (see, 11 USC § 522 [b]; Debtor and Creditor Law § 282; CPLR 5206 [a] [1]). It is apparent that the defendants’ interest in the realty, i.e., their equity, against which plaintiff’s previously obtained judgment lien applied, was no longer part of the estate in bankruptcy (see, 11 USC § 522 [b]; § 541). To preserve their exemption free of the judicial lien, defendants had to utilize 11 USC § 522 (f) (1) which permits a debtor in bankruptcy to avoid judicial liens against exempted property to the extent any such judicial lien impairs the exemption (see, In re Kalli, 34 Bankr 191, 192). Since the judgment lien in the case was in excess of $16,000, defendants’ "homestead exemption” taken to protect their $10,000 equity in the realty was fully impaired and $10,000 of plaintiff’s judicial lien could have been *128 avoided. The relief provided by 11 USC § 522 (f) (1), however, is not self-executing and requires a motion by the debtor to avoid the judicial lien (Federal Bankruptcy Rules, rule 4003 [d]; see also, Donato, Maximizing a Consumer Debtor’s Bankruptcy Protection: Guide To, 57 [No. 7] NY St BAJ 10, 15, n 62 [1985]).
In this case, defendants fail to present any evidence that such affirmative steps were taken to avoid the judgment lien against the exempt property. The judicial lien has, therefore, survived the discharge in bankruptcy obtained by defendants.* Accordingly, defendants’ motion to discharge plaintiff’s judgment of record against the realty in the Town of Woodstock pursuant to Debtor and Creditor Law § 150 must be denied.
This decision supersedes this court’s decision dated November 19, 1985.

 Parenthetically, the court notes that defendants may have some recourse in Federal Bankruptcy Court to avoid plaintiffs judicial lien even though defendants have previously obtained a discharge (see, In re Kalli, 34 Bankr 191; 3 Collier, Bankruptcy ¶ 522.29, at 522-81, n a [15th ed 1979], Dec. 1985 Cum Supp, at 36, n c).