OPINION OF THE COURT
Stanley B. Katz, J.
This is a motion under section 150 of the Debtor and Creditor Law for an unqualified discharge to be marked upon the docket of a judgment entered in favor of plaintiff on December 23, 1977 and against the moving defendants, the Brismans. On December 29, 1987, plaintiff served and filed a notice of levy of execution with the Sheriff of Nassau County *725 (index No. 25818/87). By order to show cause dated February 3, 1988, the movants sought a stay of execution in Nassau County, Supreme Court, pursuant to CPLR 5240. By stipulation dated March 4, 1988, the applications for relief were consolidated for determination in Supreme Court, Queens County.
The facts appear to be as follows: On December 23, 1977, judgment was entered against the Brismans, as guarantors of a loan, for $792,173.70 in the Supreme Court, Queens County, under index No. 3484/75. Said judgment was docketed in the office of the Clerk of the County of Nassau on January 9, 1978 under file number 8775982.
On July 3, 1978, the Brismans each filed voluntary petitions in bankruptcy in the United States District Court for the Eastern District of New York. Plaintiff, First Mortgage Investors, was listed in the Brismans’ duly filed schedule of judgment creditors and appeared in the proceeding to object to the dischargeability of the Brismans’ debt. By order dated May 15, 1979, the Brismans were released from all dischargeable debts. No further action was taken by the plaintiff until December 29, 1987 when the notice of levy of execution was filed.
In support of the motion to discharge the judgment and in opposition to the motion to levy on the Brismans’ real property, the Brismans contend that the debt owed to plaintiff, evidenced by the docketed judgment, was discharged in bankruptcy and that pursuant to CPLR 5203, the judgment lien expired after a 10-year period. In opposition to the motion to discharge the judgment and in support of the motion to allow the Sheriff of Nassau County to execute the levy on the Brismans’ real property, plaintiff maintains that the discharge should only be marked "qualified” since plaintiff’s lien still exists and is enforceable pursuant to CPLR 5235.
On the date that the judgment recovered by plaintiff was docketed, it became a lien on the real property owned by the Brismans. (CPLR 5018 [a]; 5203; Matter of Pierce, 122 Misc 2d 908, affd 106 AD2d 892.) Pursuant to CPLR 5203 (a), the lien lasted for 10 years, which period of time was measured from the filing of the judgment. (Levine v Bornstein, 4 NY2d 241; Quarant v Ferrara, 111 Misc 2d 1042.) Here, since the judgment was filed on December 23, 1977, the lien on the Brismans’ real property terminated on December 23, 1987, before plaintiff filed the notice of levy of execution.
*726 The order from the bankruptcy court releasing the Brismans from all dischargeable debts did not affect plaintiff’s judicial lien on the real property (see, 11 USC § 101 [30] [now (32)]; 1 Warren’s Weed, New York Real Property, Bankruptcy, § 11.02 [4th ed]), since there is no evidence that the lien was invalidated or surrendered in the bankruptcy proceeding or set aside in an action by the trustee in bankruptcy. (See, Moseley v Milner, 131 Misc 2d 126.) The order did, however, relieve the Brismans from any personal obligation or liability for the judgment. (See, 11 USC § 524 [a] [1].)
In contrast to the realty lien, the judgment obtained by plaintiff is enforceable for 20 years. (CPLR 211 [b].) Pursuant to CPLR 5203 (b), had plaintiff delivered to the Sheriff of Nassau County a notice of levy of execution prior to the expiration of the 10-year realty lien period, the court would have had the authority to extend the lien. It does not have such authority pursuant to CPLR 5235, the section upon which plaintiff relies. CPLR 5235 permits the Sheriff of the county in which the judgment debtor’s feal property is located to file a notice of levy with the clerk of the county upon receipt of an execution by the judgment creditor "[a]fter the expiration of ten years after the filing of the judgment-roll”. This section governs the situations where the 10-year realty lien has expired or where a realty lien was never filed by the judgment creditor and the judgment has not been satisfied. CPLR 5235 does not revive or extend the judicial realty lien itself but allows the judgment to become a levy or "temporary lien” entirely independent of the realty lien and "not governed by the procedures applicable to the judgment lien” (2A Warren’s Weed, New York Real Property, Judgments for Money, § 3.04 [4th ed]; 6 Weinstein-Korn-Miller, NY Civ Prac If 5235.02).
Applying these principles to the matter herein, while the realty lien was not a dischargeable debt under bankruptcy, the underlying judgment upon which the realty lien was based was extinguished by the Brismans’ discharge in bankruptcy. Thus, since the lien has expired and the judgment upon which it was based was discharged in bankruptcy, there is no judgment owing to plaintiff which this court, under CPLR 5235, can help plaintiff to enforce by levying on the Brismans’ real property.
*727 Accordingly, the motion by the Brismans for an unqualified discharge to be marked upon the docket of the judgment owed to plaintiff is granted. The motion by plaintiff to lift the stay of execution is denied.