■ In the Matter of HOWARD SMITH, Respondent, v TOWN OF WARWICK et al., Appellants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Colabella, J.), entered October 3, 1989 in Orange County, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to hold their public meetings at a handicapped accessible facility.

This appeal presents the questions of (1) whether petitioner

demonstrated a clear legal right to relief in the nature of mandamus directing respondents to comply with Public Officers Law §§ 74-a and 103 by conducting future public meetings at a location other than the present town hall in the Town of Warwick, Orange County, and that such location provide barrier-free facilities for the physically handicapped, and (2) whether the Supreme Court abused its discretion in granting such relief. The first question is answered in the affirmative and the second in the negative. Therefore, the judgment of Supreme Court should be affirmed.

Petitioner properly commenced this CPLR article 78 proceeding under Public Officers Law § 107 (1) seeking mandatory and injunctive relief directing that respondent Town of Warwick hold its public meetings at a location other than the present town hall with barrier-free access for the physically handicapped (see, Matter of Clark v Lyon, 147 AD2d 838). Public Officers Law § 107 (1) authorizes the maintenance of a CPLR article 78 proceeding seeking the relief sought herein by petitioner, an aggrieved person (see, supra). There is evidence in the record that the present facility does not provide barrier-free access to the physically handicapped to public town meetings and that attempts to remedy this defect have been inadequate. The temporary ramp provided to petitioner is inadequate in that the "front doors swing outward and the ramp is too narrow and confined a space to let the opening door pass by the physically handicapped person's wheelchair to obtain enough clearance for entry into the premises". The condition complained of has existed since 1977, the effective date of Public Officers Law § 74-a, which mandated that such access for the physically handicapped be provided. However, except for the ongoing but unsuccessful efforts to erect a new town hall, all that has been done to correct the problem is the installation of the temporary ramp and this was only done after the complaints of petitioner were received. Petitioner has demonstrated that respondents have not made the "reasonable efforts" required by Public Officers Law § 74-a and that he has a clear legal right to the relief granted (see, Matter of Fenton v Randolph, 92 Misc 2d 514). Respondents have also failed on this record to show that Supreme Court abused its discretion in granting this relief.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.