■ DEPARTMENT OF HOUSING PRESERVATION AND DEVELOP-
MENT OF THE CITY OF NEW YORK, Appellant, v JACK FERRANTI
et al., Respondents, and 79 AUDUBON CORPORATION, Interve-
nor-Respondent. [622 NYS2d 717] —Order of the Supreme Court,
New York County (Alice Schlesinger, J.), entered on or about
January 11, 1994, which dismissed the Department of Housing
Preservation and Development's petition, brought in its capac-
ity as judgment creditor, for a judgment of foreclosure and
sale of real property located at 525 West 169th Street in the
Borough of Manhattan, unanimously reversed, on the law,
and the petition granted, without costs. The appeal from the
order of the same court and Justice, entered on or about June
7, 1994, which denied petitioner leave to renew its application
to foreclose on its judgment lien, is dismissed as moot.

This proceeding is based upon a judgment in the sum of
$22,000 obtained by petitioner on July 15, 1983, after trial,
against Jack Ferranti, the president and managing agent of
Ran-Ti Realty Corp., then owner of the subject property. The
judgment, which was docketed in the Office of the Clerk of the
Supreme Court of the State of New York and the Civil Court
of the City of New York on July 27, 1983, constitutes civil
penalties for failure to comply with a court order to correct
violations of the Housing Maintenance Code and the Multiple
Dwelling Law at the subject premises.

During the ensuing decade, the property was sold several
times and came into the possession of 525 Realty Associates,
which defaulted in payment of its mortgage in the principal
amount of $210,000. A foreclosure action ensued in which the
City of New York was named as a party with respect to liens
against another prior owner for unpaid franchise and business
taxes in the amount of $123,500. The judgment of foreclosure
and sale, dated June 8, 1992 and filed July 23, 1992, specifi-
cally directed that the property be sold "as is", subject to "all
other liens of record of whatever type and nature, if any,
which are prior and superior to the mortgage foreclosed
herein". The property was acquired at the foreclosure sale by
intervenor-respondent 79 Audubon Corporation, the present
owner.

On or about July 12, 1993, petitioner commenced the under-
lying special proceeding pursuant to CPLR 5203 and 5236 to
foreclose upon its judgment lien against the property in the
amount of $22,000. By order to show cause dated August 3,
1993, respondent 79 Audubon Corporation sought to intervene,
alleging that any judgment lien docketed by petitioner was

extinguished by the mortgage foreclosure sale since the Department of Housing Preservation and Development was named in that foreclosure action. Supreme Court agreed that the mortgage foreclosure of June 8, 1992 resulted in a discharge of petitioner's previously docketed judgment lien against the subject property.

Petitioner's judgment lien has priority over all liens created after the judgment was docketed against the property *(Matter of State Tax Commn. v Shor,* 43 NY2d 151, 157). As the judgment of foreclosure recites, any subsequent transfer of the property, especially the transfer to intervenor-respondent 79 Audubon Corporation which acquired the premises pursuant to the judgment of foreclosure, is necessarily subject to the judgment lien *(Sylmar Holding Corp. v Steinberg,* 93 Misc 2d 835, 836; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5203.04; 1 Bergman, New York Mortgage Foreclosures § 2.02, at 2-6; § 11-02 [1], at 11-4 [property sold in foreclosure may only be sold subject to any prior encumbrances since a judgment lien prior in time remains superior to the lien of a mortgage to be foreclosed]). *Johnson v Putnam Foundry & Mach. Co.* (167 App Div 99), relied upon by Supreme Court, involves a subsequent or subordinate judgment lien rather than, as here, a superior lien and is therefore inapposite.

Petitioner's judgment became a lien upon the subject real property at the time it was docketed *(Matter of Pierce,* 122 Misc 2d 908, *affd* 106 AD2d 892, *lv denied* 64 NY2d 609). It continued as a charge against the property for a period of ten years from the date of entry (CPLR 5203 [a]; *Quarant v Ferrara,* 111 Misc 2d 1042), and petitioner's application to foreclose upon its lien was brought within that period *(see, Amsterdam Sav. Bank v City View Mgt. Corp.,* 45 NY2d 854; *Quarant v Ferrara, supra,* at 1042). Concur—Wallach, J. P., Asch, Rubin, Nardelli and Tom, JJ.