Linda Riley, Esq. Informal Opinion Town Attorney No. 95-46 Town of Southampton Town Hall 116 Hampton Road Southampton, New York 11968
Dear Ms. Riley:
You inquire whether the Election Law preempts enactment of town regulations which would prohibit the award of municipal contracts to persons who have made political contributions to town officials or candidates for town office. As part of your inquiry, you have transmitted to us for review a proposed amendment to the Southampton Town Code. Specifically, the proposed amendment would preclude the awarding of town contracts worth more than $1,500 to people who have made political campaign contributions of more than $100 to town officials or candidates for town office.
As a general policy, we do not review the details of proposed local enactments, since these matters are appropriately reserved for consideration by local officials familiar with local conditions and legislative intent. However, we do advise local governments whether under State law they possess the authority to enact measures dealing with various subjects.
We conclude that the proposed Southampton regulations are both inconsistent with and preempted by the State Election Law. Furthermore, in light of the specific provisions of the Election Law governing campaign contributions, the general provisions of General Municipal Law § 806 (which require the adoption of local codes of ethics governing the conduct of municipal officials) do not provide an alternative basis of authority for the proposed regulations.
Article IX of the New York State Constitution establishes the principles of home rule. N Y Const Art IX § 2(c). Under the State Constitution, local governments such as the Town of Southampton are authorized to adopt local laws relating to their property, affairs and government, and relating to other listed subjects such as the transaction of business, NY Const Art IX § 2(c)(i) and (ii)(3), and the health, safety and well-being of persons or property in the local government, N Y Const ArtIX § 2(c)(ii)(10). See also, Municipal Home Rule Law § 10(1)(i) and (ii)(a)(3), (12).
While the above authorization encompasses your proposed local law, there are limitations on this grant of authority. First, a municipality may not adopt local laws which are inconsistent with the Constitution or general State laws. N Y Const Art IX § 2(c)(i) and (ii); Vatore v Commissionerof Consumer Affairs of the City of New York, 83 N.Y.2d 645 (1994), citingNew York State Club Assn. v City of New York, 69 N.Y.2d 211 (1987), affd,487 U.S. 1 (1988); Wholesale Laundry Bd. v City of New York, 17 A.D.2d 327
(1st Dept 1962), affd, 12 N.Y.2d 998 (1963) (invalidating a city minimum wage law which set a rate higher than that set in the state minimum wage law by restating the general proposition that a local law is inconsistent with a general law when it prohibits what a general law permits or permits what a general law forbids).
Second, a municipality may not adopt local laws where the Legislature has expressed an intent to preempt local legislation with respect to a given subject. Jancyn Mfg. Corp. v County of Suffolk, 583 F. Supp. 1364 (D.C. N Y 1984); Wholesale Laundry Bd. v City of New York, supra; Op Atty Gen (Inf) 83-57. A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature; or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature. Dougal v Suffolk County, 102 A.D.2d 531
(2d Dept 1984), affd, 65 N.Y.2d 668 (1985); Incorporated Village of Nyack vDaytop Village Inc., 78 N.Y.2d 500 (1991); People v DeJesus, 54 N.Y.2d 465
(1981).
It is evident from the comprehensive nature of the Election Law that the State intended to occupy fully the area of campaign contribution limits, leaving no room for additional local regulation. Article 14 provides for detailed reporting and disclosure of campaign receipts and expenditures and establishes individual contribution limits. These limits are designed to apply to elections for party positions and to elections for and nominations for all public offices, including those at the local level. N Y Election Law §§ 14-114 et seq.; 9 NYCRR Part 6200; see, Op Atty Gen (Inf) No. 83-57. Furthermore, these limits are specifically designed to be recalculated quadrennially by the State Board of Elections. Election Law §§ 14-114(1)(c) and 14-114(10)(d).
While the focus of your proposed law is the ethics of local officials, its establishment of campaign contribution limits for those entering into contracts of a certain amount with the town brings it within the subject area preempted by Election Law Article 14. The proposed local regulations are inconsistent with this preemptive State scheme. They do not permit certain contributors to make the maximum contribution permitted by the Election Law. The caps set by Article 14 are the product of a myriad of considerations such as free speech and freedom of association. See, Friedlander, et al., "The New York City Campaign Finance Act," 16 Hofstra L Rev 345, 349 (1988). Under Article 14, only the State Board of Elections may modify contribution caps, in accordance with standards set by the State Legislature. See, Election Law §§ 14-114(1)(c) and14-114(2); see also, Governor's Memorandum, Bill Jacket, L 1974 ch 604. The absence of local authority to establish different limits was apparently recognized with the State Legislature's adoption of chapter 689 of the Laws of 1986, a statute similar to the town's proposed regulations applicable to contributions to members and candidates for election to the New York City Board of Estimate. See, Election Law § 14-114(9).[1]
Alternately, you suggest that your proposed regulation is authorized by General Municipal Law section 806(1). Section 806(1) requires municipalities to adopt local ethics codes setting forth standards for officers and employees regarding disclosure of interests in legislation before the governing body, holding of investments in conflict with official duties, private employment in conflict with official duties, future employment and "such other standards relating to the conduct of officers and employees as may be deemed advisable". Thus, section 806 establishes broad standards for enactment of local codes of ethics. However, under principles of statutory construction, two State statutes must be reconciled wherever possible. See, Levine v Bornstein, 4 N.Y.2d 241
(1958).Section 806(1) can easily be reconciled with Election Law Article 14. While section 806(1) may permit the enactment of relatively broad municipal ethics codes, that authority is limited by the specific campaign receipt and contribution regulations expressed in Election Law Article 14. Hence, an act of the State Legislature would be needed to authorize such local limitations.
We conclude that the proposed regulations are both inconsistent with and preempted by Election Law Article 14. Furthermore, General Municipal Law section 806 cannot be read in a manner that is inconsistent with the State Election Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY
Assistant Attorney General
[1] To our knowledge, the only locally enacted contribution caps currently in effect that are not expressly authorized under Article 14 are those found in New York City's Campaign Finance Act, a local innovation which employs a voluntary system of contribution and expenditure caps in exchange for public financing of certain City elections. New York City Local Law No. 8 of 1988, N.Y.C. Admin. Code 3-701 to 3-714.