OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff brings an action pursuant to CPLR 5014 to renew the lien on a judgment. Defendant opposes on the ground that 11 USC § 524 (a) (2), governing discharges in bankruptcy on debts, prevents renewal of the lien.
*339 Plaintiff obtained a money judgment against defendant in 1992 and the lien thereof expires on April 24, 2002. (CPLR 5014 [1].) Defendant obtained a general discharge in bankruptcy listing the debt in favor of plaintiff, on February 8, 2000. 11 USC § 524 (a) (2) states in part that a discharge of a debt “operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.”
While it is true that the within action is a new action (10 Weinstein-Kom-Miller, NY Civ Prac 5014.07) to obtain a new judgment (Pangburn v Klug, 244 AD2d 394 [2d Dept 1997]), its design is to avoid a lien gap between the validity of the judgment which is good for 20 years (CPLR 211 [b]) and the lien status of the judgment, good for 10 years (CPLR 5014 [1]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5014:2, at 456-458; Mem of Off of Ct Admin, 1986 McKinney’s Session Laws of NY, at 3379).
What defendant obtained on discharge in bankruptcy is a discharge from personal liability for preexisting debts but “the discharge does not affect the lien” nor does it affect the judgment creditor’s “right to enforce [the] lien.” (Carman v European Am. Bank & Trust Co., 78 NY2d 1066, 1068 [1991]; see Bank of N.Y. v Magri, 226 AD2d 412 [2d Dept 1996]; Matter of Leonard v Brescia Lbr. Corp., 174 AD2d 621 [2d Dept 1991].) The defendant is not entirely without a remedy. (See Debtor and Creditor Law § 150; Moseley v Milner, 131 Misc 2d 126, 128 n [Sup Ct, Ulster County 1986].) The vitality of the unaffected by bankruptcy, judicial lien is premised upon an in rem right and is not an attempt to impose personal liability on the debtor.
11 USC § 524 (a) (2) applies to debts, not valid liens which pass through bankruptcy unimpaired. (United Presidential Life Ins. Co. v Barker, 31 BR 145 [ND Tex 1983].) The federal statutory purpose is to give debtors a reprieve to prevent postdischarge harassment but, in doing so, it is necessary to strike a balance between the debtors and secured creditors. CPLR 5014 merely extends the lien status of the judgment by granting a renewal judgment to be docketed at the expiration of the original judgment. (Cf. CPLR 5203 [b]; Quarant v Ferrara, 111 Misc 2d 1042 [Sup Ct, Queens County 1981].)
Therefore, the court concludes that the process of obtaining a renewal judgment to continue a prepetition in bankruptcy valid *340 lien is not a violation of federal bankruptcy law. The application is granted.