■ RAFAEL RODRIGUEZ, Respondent, v DENNIS ESTEVEZ et al., Appellants. ARTHUR J. KREMER, Nonparty Receiver. (And Another Action.) [913 NYS2d 74]—

Second amended order, Supreme Court, New York County (Lewis Bart Stone, J.), entered April 23, 2010, to the extent it directed that the judgment in plaintiff's favor be satisfied from the proceeds of the sale of the subject property without any deductions or withholding for any prospective tax liability of defendant EB 110 Realty Corp., unanimously affirmed, without costs. Appeal from so much of the order as determined that the receiver was appointed pursuant to CPLR article 52 and considered the receiver's April 13, 2010 letter a motion, unanimously dismissed, without costs.

The stipulation, so-ordered by the court, by which the parties settled the shareholder derivative action, provided that defendant Estevez would pay plaintiff for the latter's shares of stock by a date certain and entitled plaintiff, in the event of a default, to apply for a judgment to be entered against defendants and for the appointment of a receiver to sell the property to satisfy the judgment. The parties waived their rights to any further litigation, including the right to appeal, except as to the issue of the payment of capital gains tax due as a result of the sale of the property. Accordingly, defendants' appeal is limited to that issue. Were we to consider defendants' other arguments, we would reject them. Although the stipulation permits the court to appoint a receiver pursuant to the Business Corporation Law, the receiver was properly appointed pursuant to the CPLR following defendants' default and the entry of judgment (*compare* Business Corporation Law § 1202 [a] *with* CPLR 5228). The record supports the court's treatment of the receiver's April 13, 2010 letter as a motion, and defendants were afforded more than the time provided for in CPLR 2214 (b) to prepare for the hearing thereon.

The court properly ordered that payment be made to plaintiff

without withholding for prospective capital gains tax. The stipulation of settlement gave the court absolute authority to determine the method by which any corporate capital gains tax would be paid, and, as a judgment creditor, plaintiff is entitled to payment of the judgment without reference to any taxes not yet assessed (*see e.g. Roberson v Roberson*, 45 AD3d 1494 [2007]; *Department of Hous. Preserv. & Dev. of City of N.Y. v Ferranti*, 212 AD2d 438 [1995]). Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.