■ ROSEANNE PANGBURN, Formerly Known as ROSEANNE KLUG, Appellant, v WARREN W. KLUG, Respondent. [664 NYS2d 71] —In an action to renew a lien, which was commenced by a motion for summary judgment in lieu of complaint, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 30, 1996, which denied the motion.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment in accordance herewith.

The defendant signed a confession of judgment in 1984 for $62,000 as security for the payment of child support arrears of $22,000 and for the payment of additional child support in the amount of $40,000 pursuant to a Connecticut court order. The

judgment included a provision that no execution on the judgment would be issued during the lifetime of the defendant's parents. The judgment was docketed and, pursuant to CPLR 5203 (a), the plaintiff acquired a 10-year lien on the defendant's real property.

In 1996, the plaintiff commenced this action to obtain a new judgment and, thereby, a new lien on the defendant's property. The plaintiff alleged that she was precluded from enforcing the original judgment because one of the defendant's parents was still living. We conclude that the Supreme Court erred in denying the plaintiff's motion.

The plaintiff was entitled to commence this action on the judgment for the purpose of acquiring a new lien on the defendant's real property. Pursuant to CPLR 5014 (1), an action upon a money judgment may be maintained between the original parties where ten years have elapsed since the judgment was originally docketed (*see, Levine v Bornstein,* 4 NY2d 241; *Quarant v Ferrara,* 111 Misc 2d 1042; 11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5203.05).

In response to the plaintiff's motion papers, the defendant failed to offer proof in evidentiary form establishing a triable issue of fact as to any bona fide defense (*see, e.g., Costello v Saidmehr,* 236 AD2d 437; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). Accordingly, the plaintiff is entitled to judgment in her favor. However, the plaintiff is not entitled to an award of interest as the judgment specifically provided that it was without interest. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.