OPINION OF THE COURT
Paul A. Victor, J.
In this proceeding plaintiff pro se, by notice of motion dated *37 July 14, 1999, moves for an order granting a “renewal judgment”. The defendants, although served by mail at their last known address, have not appeared or responded in this proceeding. For the reasons stated herein, the court reluctantly concludes that it lacks jurisdiction to grant the relief requested via the method chosen by plaintiff.
BACKGROUND
In a prior proceeding in this court, in which the plaintiff claimed to have been defrauded by defendant in connection with the purchase of worthless stocks (index No. 21253/89), the plaintiff obtained a money judgment against defendants who defaulted in appearance. Subsequent to the default of the defendants, a judgment was entered on February 15, 1990 for the sum of $6,455.50. However, because the corporate defendant went out of business and the individual defendant is claimed to have absconded, the plaintiff has been unable to collect on her judgment, or to execute or impose a lien upon any property owned by the defendants.
In the present proceeding, the plaintiff, who was granted permission to proceed as a poor person by order dated July 14, 1999, seeks to “renew” the judgment obtained on default and to “update [the judgment] along with accrued interest.”
It must be noted that the plaintiff has neither identified nor attempted to enforce her judgment against any real or personal property of the judgment debtors, nor has plaintiff claimed that the judgment lien has attached to any real property owned by the judgment debtors. Moreover, although she has obtained a separate index number, plaintiff proceeds by notice of motion only, and has not commenced a separate cause of action to obtain the relief requested.
APPLICABLE STATUTORY PROVISIONS
Upon the docketing of a New York judgment, it accrues interest at the rate of 9% per annum (CPLR 5004), and it remains valid and enforceable for a period of 20 years thereafter. (CPLR 211 [b].) However, although a judgment remains valid and enforceable for 20 years, it only remains viable as a lien against real property for a period of 10 years (CPLR 5203 [a]), unless the lien is “extended” in accordance with provisions of CPLR 5203, or unless said judgment is “renewed” in accordance with the provisions of CPLR 5014. Each of the aforesaid provisions, which allow an extension and/or renewal, has significant and *38 substantial procedural preconditions and requirements, none of which has been fulfilled by plaintiff.
Extension of Lien by Motion
CPLR 5203 (a), with certain exceptions, provides that a money judgment is effective as a lien against a judgment debtor’s real property “from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment roll.” Moreover, with regard to extensions of such a lien, CPLR 5203 (b) states: “(b) Extension of lien. Upon motion of the judgment creditor, upon notice to the judgment debtor, served personally or by registered or certified mail, return receipt requested, to the last known address of the judgment debtor, the court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property in accordance with section 5236, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll.”
It should be noted that the extension procedure, when appropriate, requires only that the motion be served by certified or registered mail, return receipt requested, to the last known address of the judgment debtor.
Renewal of Judgment by Action
CPLR 5014, which is entitled an “Action upon judgment”, permits “renewal” of a money judgment provided, among other things, that an action upon the judgment is commenced between the same parties prior to the expiration of 10 years. It provides further that: “An action may be commenced under * * * this section during the year prior to the expiration of ten years since the first docketing of the judgment. The judgment in said action shall be designated a renewal judgment and shall be so docketed by the clerk. The lien of a renewal judgment shall take effect upon the expiration of ten years from the first docketing of the original judgment.” (CPLR 5014 [3].)
No provision is made in this section for a renewal of a judgment by motion only in contrast to the procedure set forth in CPLR 5203 (b), and no provision is made for service by mail to the last known address of the judgment debtor. Clearly, CPLR 5014 requires the commencement of a new action, with service *39 accomplished in the traditional manner authorized by statute. (See generally, 10 Weinstein-Korn-Miller, NY Civ Prac 5014.01.)
Commencement of an Action
CCA 400 provides that “[a]n action is commenced in this court and jurisdiction acquired by service of a summons.” For the court to acquire jurisdiction plaintiff must provide proof of due service of a summons. Of course, a summons may be served together with a complaint in the manner authorized by statute. However, where, as in the proceedings before this court, an action can be based upon a judgment, the renewal judgment can be obtained expeditiously by employing the provisions of CPLR 3213, which permit the service of a summons together with a “motion for summary judgment * * * in lieu of a complaint.” (See, Pangburn v Klug, 244 AD2d 394 [2d Dept 1997].) In that regard, CPLR 3213 provides in relevant part as follows: “When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. The summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion” (emphasis added).
In any event, in order for this court to acquire jurisdiction, CCA 400 requires, at a minimum, that a summons be served.
DISCUSSION
Clearly, an application by plaintiff, under either CPLR 5203 for an extension, or CPLR 5014 for renewal, would be timely since 10 years have not yet expired since the entry of her judgment on February 15, 1990. However, since plaintiff has not yet identified much less executed upon any real property of the defendant, the provisions of CPLR 5203, which allow an extension of the lien by motion, are not applicable. Moreover, since plaintiff has not served a summons and has, therefore, not commenced an action upon the judgment, as required by CPLR 5014, this court has no jurisdiction to act upon her “motion” for a renewal judgment.
It appears to this court illogical and unnecessarily onerous to impose upon a judgment creditor the added expense attendant upon the commencement of a second action in order to obtain the benefits provided by CPLR 5014. The unnecessary burden imposed by the statute is even more apparent when its *40 requirements are compared to the expeditious and simple motion procedure which is permitted to extend a lien pursuant to CPLR 5203.
Indeed, under CPLR article 54, which allows sister State judgments to be “registered” in New York and thereby accorded full faith and credit, a foreign judgment can be registered by a single mailing of a notice to the judgment debtor at his last known address. A similar registration procedure would also suffice with regard to an application by a domestic judgment creditor for a renewal judgment. One commentator, widely accepted as an expert on the CPLR, suggests that a domestic judgment creditor may also be permitted to utilize the simple registration procedures incorporated in CPLR article 54. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5014:2, at 457.) Professor Siegel, who is a distinguished Professor of Law at Albany Law School and author of the authoritative treatise on “New York Practice”, states that “[although Article 54 aims at a ‘foreign’ judgment, it would be consistent with the article’s purpose to apply it as well to a New York judgment ripe for renewal under CPLR 5014” (Siegel, NY Prac § 434, at 702 [3d ed]). However, Professor Siegel cautions that: “Until there is a definitive judicial invitation to use the registration procedure for a domestic judgment, however, the creditor may feel safer with the specific court adjudication contemplated by a CPLR 5014 renewal. Under the registration procedure, which involves no judicial intervention, assumptions would have to be relied on, and that’s not the most comfortable position for a creditor in a lien competition.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C:5014:2, at 457.)
This ameliorative suggestion, however worthy, is better referred to the Legislature rather than to the judiciary. There is no language in CPLR article 54 which specifically encourages such an interpretation; and consequently, this court is not inclined to “invite” the plaintiff to seek imaginary and speculative relief under article 54 in order to circumvent the expensive and burdensome notice and jurisdictional requirements of CPLR 5014. In any event, a resort to CPLR article 54 would not avail the plaintiff, since judgments obtained by default in appearance are excluded from the scope of the article. (11 Weinstein-Korn-Miller, NY Civ Prac 5401.02.) The court is not unaware that these expenses can be extremely burdensome, especially to a poor person, who may be.required to undertake the expense of publication in order to obtain juris *41 diction over a judgment debtor, who, like defendant in this proceeding, has absconded. Nevertheless, the court is not empowered to judicially legislate an amendment to, or ignore, a law with which it disagrees; but it certainly can, and it does hereby, encourage the Legislature to consider amendments to articles 50 and/or 54 which would provide a judgment creditor with a simplified and less costly method to extend or renew a judgment.
CONCLUSION
Accordingly, since the court lacks jurisdiction, it is constrained to deny plaintiffs motion without prejudice to plaintiffs right to commence an appropriate proceeding within the time period allowed by, and in compliance with, the provisions of CPLR 5014 and/or 5203.