■ THE CADLE COMPANY, Appellant, v HASAN BIBERAJ, Respondent. [763 NYS2d 751] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about December 12, 2001, which granted defendant's motion to vacate an order of the same court and Justice, entered November 22, 2000, which granted on default plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and renewal of a judgment lien pursuant to CPLR 5014 (1) to the extent of restoring plaintiff's summary judgment motion to the calendar, denying said motion and vacating the renewal judgment entered April 13, 2001, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment and otherwise affirmed, with costs. The Clerk is directed to enter a renewal judgment in favor of plaintiff and against defendant in the amount of $323,835 with interest of 9% per annum from January 8, 1990, together with costs and disbursements.

In this action upon a judgment pursuant to CPLR 5014 (1), the motion court properly granted defendant's motion to vacate his default, but erred in then denying plaintiff's summary judgment motion. An assignee of a judgment is an "original party" to the judgment for the purpose of renewing a judgment lien (*cf. Saxe v Peck*, 139 App Div 419 [1910]) and plaintiff submitted sufficient evidence to establish that it was, in fact, the assignee of the original judgment entered in New York County on June 8, 1990 in favor of Southeast Bank, N.A. and against defendant. Plaintiff submitted a copy of the original judgment filed in New York County and a certified copy of the assignment of such judgment by "First Union National Bank of Florida, a National Banking Association, successor to Southeast Bank N.A. ('Assignor'), as owner and holder of that Statement For Judgment against defendants [*sic*] Hasan Biberaj ('Judgment') entered in the Supreme Court State of New York in and for New York County, New York, Case No. 7435/90 on June 8, 1990," which was filed in Duval County, Florida on September 10, 1997. Such evidence was sufficient to warrant granting

plaintiff's motion for summary judgment and directing entry of a renewal judgment pursuant to CPLR 5014 (1). Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.