■ NANCY C. BAIZ, Appellant, v ROBERT L. BAIZ, Respondent. [780 NYS2d 770]—

In an action for a renewal judgment pursuant to CPLR 5014,

the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 16, 2003, which denied her motion pursuant to CPLR 5019 (a) to amend a renewal judgment of the same court (Hall, J.), entered January 8, 2001.

Ordered that the order is affirmed, with costs.

On March 29, 1988, the plaintiff obtained a judgment against the defendant in the State of Texas in the sum of $43,038, with interest at the rate of 10% per annum. On August 21, 1989, she filed the judgment with the Clerk of Suffolk County, pursuant to CPLR article 54. In July 1999 the plaintiff commenced an action for a renewal judgment, pursuant to CPLR 5014, asserting that the judgment had been partially satisfied, but that the sum of $26,310.69 with interest at the rate of 10% per annum was still due. The defendant answered the complaint, but did not oppose the plaintiff's subsequent motion for summary judgment. As a result, on January 8, 2001, the proposed renewal judgment which the plaintiff prepared and submitted, in the sum of $40,874.53, was entered.

In February 2003 the plaintiff made the instant motion, pursuant to CPLR 5019 (a), to amend the renewal judgment. She contended that she had erroneously computed the amount due her by applying the defendant's partial payments to the principal balance of the loan, instead of applying those payments to interest then due. Based on her recomputation of the amount due her, this time applying the defendant's partial payments to interest first, the plaintiff sought an amended renewal judgment in the sum of $78,326.10. The Supreme Court denied her motion and we affirm.

While the Supreme Court has the discretion to cure mistakes, defects, and irregularities in judgments that do not affect substantial rights of the parties (see CPLR 5019 [a]; Kiker v Nassau County, 85 NY2d 879 [1995]; Parkinson v Bono, 300 AD2d 640 [2002]), here the plaintiff elected to apply the defendant's partial payments to the principal amount of the judgment. That she could have elected to apply those partial payments to interest first, did not render incorrect her original method of computing the amount due her in the renewal judgment which was entered (see 72 NY Jur 2d, Interest and Usury § 41 ["in the absence of agreement . . . (a) creditor may apply partial payments to principal or to interest or to both, as and when he or she elects to do so"]). As such, her belated attempt to amend the renewal judgment, employing a more favorable computation method, was properly rejected.

The plaintiff's remaining contention is without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.