■ SCHIFF FOOD PRODUCTS, Co., INC., Appellant, v M&M IMPORT EXPORT et al., Respondents. [924 NYS2d 158]—

In an action for a renewal judgment pursuant to CPLR 5014, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated January 6, 2009, which denied its motion, in effect, for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion, in effect, for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate renewal judgment in accordance herewith.

On March 21, 1997, the Supreme Court entered a judgment (hereinafter the judgment) in favor of the plaintiff and against M&M Import Export and Mimi Moskowitz, the defendants in the present action, in the total sum of $129,041.75. On that date, the judgment was also docketed with the Clerk of Nassau County. The judgment was never paid or satisfied, and in November 2007 the plaintiff commenced this action for a renewal judgment pursuant to CPLR 5014. The plaintiff moved, in effect, for summary judgment on the complaint. The Supreme Court denied the motion, concluding that this action was time-barred because it had been commenced more than 10 years after the judgment was docketed. We reverse.

Contrary to the Supreme Court's determination, this action is not time-barred. CPLR 5203 (a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment has been docketed with the clerk of that county (*see* CPLR 5203 [a]; *Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d 1052 [2011]; *Matter of Soressi v SWF, L.P.*, 81 AD3d 1143, 1144 [2011]). "Once docketed, a judgment becomes a lien on the real property of the debtor in that county" (*Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144; *see* CPLR 5203 [a]; *Matter of Mason v Belski*, 73 AD2d 779, 780 [1979]).

Since a money judgment is viable for 20 years, but a lien on real property is only effective for 10 years (*see* CPLR 211 [b];

5203 [a]), the Legislature enacted CPLR 5014 to allow a judgment creditor to apply for a renewal of the lien by commencing an action for a renewal judgment (*see* CPLR 5014 [1]; *Gletzer v Harris*, 12 NY3d 468, 473 [2009]). As amended in 1986, the statute permits commencement of an action for a renewal judgment during the last year of the pendency of the original lien (*see* CPLR 5014; *Gletzer v Harris*, 12 NY3d at 473). As long as the renewal judgment is obtained within the 10-year lien period, the lien that it carries takes effect not immediately, but only upon expiration of the first 10-year lien period, avoiding a lien gap and at the same time giving the judgment creditor a full 10 years of new lien (*see Gletzer v Harris*, 12 NY3d at 474-475; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5014:2). However, a judgment creditor may also commence an action for a renewal judgment pursuant to CPLR 5014 "where [10] years *have elapsed* since the judgment was originally docketed" (*Pangburn v Klug*, 244 AD2d 394, 395 [1997] [emphasis added]; *see Matter of Vinieris*, 391 BR 707, 711 [2008]; CPLR 5014 [1]). In that circumstance, the judgment creditor is not prevented from obtaining a renewal judgment, but will not be entitled to avoid a lien gap by operation of CPLR 5014 (*see Matter of Vinieris*, 391 BR at 711; *cf. Gletzer v Harris*, 12 NY3d at 477).

Accordingly, this action for a renewal judgment was not time-barred even though it was commenced more than 10 years after the judgment was docketed. Moreover, on the merits, the plaintiff made a prima facie showing of its entitlement to a renewal judgment as a matter of law (*see* CPLR 5014 [1]; *Baiz v Baiz*, 10 AD3d 375, 376 [2004]) and, in opposition, the defendants failed to raise a triable issue of fact (*see Pangburn v Klug*, 244 AD2d at 395; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, the plaintiff is entitled to a renewal judgment, and the Supreme Court should have granted the plaintiff's motion, in effect, for summary judgment on the complaint. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.