PREMIER CAPITAL, LLC, Appellant, v BEST TRADERS, INC., et al., Respondents. [930 NYS2d 249]—

On March 29, 1996, the plaintiff's assignor obtained a money judgment against the defendants Best Traders, Inc. (hereinafter Best Traders), Bernard Schnitzler, and Solomon Gelbman. The judgment was subsequently entered on April 17, 1996. More than 14 years later, on June 2, 2010, the plaintiff commenced this action for a renewal judgment pursuant to CPLR 5014 by a motion for summary judgment in lieu of a complaint. There is no indication in the record that the plaintiff served its summons and motion papers on Best Traders, which is alleged to be an inactive corporation, and the plaintiff concedes that Gelbman was not timely served. However, Schnitzler appeared and opposed the motion, arguing that the application for a renewal judgment was untimely and that the plaintiff was guilty of laches. The Supreme Court denied the plaintiff's motion for summary judgment in its entirety, based on the doctrine of laches. We modify.

Although a New York money judgment is enforceable for 20 years (see CPLR 211 [b]), a real property lien resulting from the judgment is viable for only 10 years (see CPLR 5203 [a]). For this reason, the Legislature enacted CPLR 5014 to give a judgment creditor an opportunity to extend the life of the lien by commencing an action for a renewal judgment (see Gletzer v Harris, 12 NY3d 468, 473 [2009]). As amended in 1986, CPLR

5014 permits commencement of an action for a renewal judgment during the last year of the pendency of the original lien (*see Gletzer v Harris*, 12 NY3d at 473; *Schiff Food Prods., Co., Inc. v M&M Import Export*, 84 AD3d 1346, 1348 [2011]). If the renewal judgment is awarded within the 10-year lien period, the lien takes effect upon the expiration of the first 10-year lien period, thus allowing the judgment creditor to avoid a lien gap (*see Gletzer v Harris*, 12 NY3d at 474-475; *Schiff Food Prods., Co., Inc. v M&M Import Export*, 84 AD3d at 1348). However, CPLR 5014 (1) also permits a judgment creditor to commence an action for a renewal judgment where 10 years "have elapsed since the judgment was originally docketed" (*Schiff Food Prods. Co., Inc. v M&M Import Export*, 84 AD3d at 1348). "In that circumstance, the judgment creditor is not prevented from obtaining a renewal judgment, but will not be entitled to avoid a lien gap by operation of CPLR 5014" (*id.*; *see Pangburn v Klug*, 244 AD2d 394, 395 [1997]; *Anchor Sav. Bank v Parker*, 10 Misc 3d 1074[A], 2006 NY Slip Op 50071[U] [2006]; *First Natl. Bank of Long Is. v Brooks*, 1 Misc 3d 905[A], 2003 NY Slip Op 51509[U] [2003]; *Matter of Vinieris*, 391 BR 707, 711 [2008]).

Accordingly, this action for a renewal judgment was timely commenced even though it was instituted more than 10 years after the judgment was docketed. Moreover, the plaintiff made a prima facie showing of its entitlement to a renewal judgment by offering evidentiary proof that it was the original judgment creditor's assignee, and that no part of the judgment has ever been satisfied (*see Schiff Food Prods., Co., Inc. v M&M Import Export*, 84 AD3d at 1348; *Pangburn v Klug*, 244 AD2d at 395; *see also Cadle Co. v Biberaj*, 307 AD2d 889 [2003]). In opposition, Schnitzler failed to raise a triable issue of fact. Although Schnitzler asserted that the plaintiff was guilty of laches, laches is an equitable defense which is unavailable in an action at law commenced within the period of limitation (*see Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 237 [2010]; *Stassa v Stassa*, 73 AD3d 1157, 1158 [2010]; *Fade v Pugliani/ Fade*, 8 AD3d 612, 615 [2004]; *Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 320 [2004]; *Roth v Black Star Publ. Co.*, 302 AD2d 442, 443 [2003]). In any event, even if the defense of laches were cognizable in this timely-commenced action for the renewal of a money judgment, "mere delay alone, without actual prejudice, does not constitute laches" (*Dwyer v Mazzola*, 171 AD2d 726, 727 [1991]; *see Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d at 238), and Scnhitzler failed to allege that he suffered actual prejudice resulting from the plaintiff's delay.

As there is no indication in that record that the plaintiff

served its summons and motion for summary judgment in lieu of a complaint on Best Traders, and in view of the plaintiff's admitted failure to timely serve Gelbman, the plaintiff failed to establish its entitlement to summary judgment against those defendants. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.