# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1229**
**CA 11-00889**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

CHASE LINCOLN FIRST BANK, N.A.,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENT R. DEHAAN, DEFENDANT-APPELLANT.

---

LANCE J. MARK, PLLC, MEDINA (LANCE J. MARK OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MANFREDI LAW GROUP, PLLC, NEW YORK CITY (JOHN MANFREDI OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), dated August 2, 2010. The order, inter alia, denied the cross motion of defendant to vacate a judgment entered April 4, 1990.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: By order to show cause, plaintiff's assignee, Premier Capital, Inc. (Premier), sought, inter alia, an order extending and renewing a default judgment entered in 1990 against defendant. Premier correctly concedes that its order to show cause was "procedurally unsound" and that the proper course was to commence an action on the judgment. Supreme Court treated that part of the order to show cause as a motion seeking leave to commence such an action pursuant to CPLR 5014 (3) and granted Premier that relief. No prejudice to defendant resulted from the court's action inasmuch as Premier was entitled to commence an action for a renewal judgment without permission pursuant to CPLR 5014 (1) (*see generally Schiff Food Prods. Co., Inc. v M&M Import Export*, 84 AD3d 1346, 1348; *Pangburn v Klug*, 244 AD2d 394).

We reject defendant's contention that the court erred in calculating the period in which Premier was entitled to commence an action on the judgment by excluding the period that his bankruptcy proceeding was pending (*see* CPLR 204 [a]; 11 USC § 362 [c] [2]). Contrary to defendant's further contention, Premier, as assignee of the judgment, "is an 'original party' " for the purpose of renewal (*Cadle Co. v Biberaj*, 307 AD2d 889, 889). Finally, the court properly denied defendant's cross motion to vacate the judgment pursuant to CPLR 5015 (a) (3) inasmuch as the evidence establishes that defendant had knowledge of the alleged fraud before entry of the final judgment

(*see Summer v Summer*, 233 AD2d 881, *lv dismissed* 89 NY2d 981) and, in any event, the cross motion was not made within a reasonable time (*see Miller v Lanzisera*, 273 AD2d 866, 868, *appeal dismissed* 95 NY2d 887, 96 NY2d 731).

Entered:  November 10, 2011                         Patricia L. Morgan
                                                    Clerk of the Court