■  Joyce Rose, Respondent, v Richard Gulizia, Appellant.
[961 NYS2d 286]—

In an action, inter alia, for a renewal judgment pursuant to CPLR 5014, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 28, 2011, as granted that branch of the plaintiff's motion which was, in effect, for summary judgment on so much of the complaint as sought the entry of a renewal judgment in the amount of $18,971, plus interest to be determined by the County Clerk.

Ordered that the order is modified, on the law, by adding thereto a provision specifying that the defendant is to be credited for all monthly payments already made; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of whether the payments already made are to be applied to the principal, the interest, or both, and for the entry of an amended order thereafter.

Although a New York money judgment is enforceable for 20 years (*see* CPLR 211 [b]), a real property lien resulting from the judgment is viable for only 10 years (*see* CPLR 5203 [a]). For this reason, the Legislature enacted CPLR 5014 to give a judg-

ment creditor an opportunity to extend the life of the lien by commencing an action for a renewal judgment (*see Gletzer v Harris*, 12 NY3d 468, 473 [2009]). "Pursuant to CPLR 5014 (1), an action upon a money judgment may be maintained between the original parties where ten years have elapsed since the judgment was originally docketed" (*Pangburn v Klug*, 244 AD2d 394, 395 [1997]; *see Premier Capital, LLC v Best Traders, Inc.*, 88 AD3d 677, 678 [2011]; *Schiff Food Prods., Co., Inc. v M&M Import Export*, 84 AD3d 1346, 1348 [2011]). "An action may be commenced under subdivision one of this section during the year prior to the expiration of ten years since the first docketing of the judgment" (CPLR 5014). The plaintiff here established her prima facie entitlement to judgment as a matter of law awarding her a renewal judgment pursuant to CPLR 5014 (1) by demonstrating the existence of the prior judgment, that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of this action, and that the judgment remains partially or completely unsatisfied (*see Premier Capital, LLC v Best Traders, Inc.*, 88 AD3d at 678; *Baiz v Baiz*, 10 AD3d 375, 376 [2004]). In opposition, the defendant failed to raise a triable issue of fact (*see Pangburn v Klug*, 244 AD2d at 395; *see also Premier Capital, LLC v Best Traders, Inc.*, 88 AD3d at 678; *Schiff Food Prods., Co., Inc. v M&M Import Export*, 84 AD3d at 1348).

The order must be modified, however, to expressly reflect that the defendant is to be credited for all monthly payments already made, and a determination must be made as to whether those payments are to be applied to the principal, the interest, or both (*see Baiz v Baiz*, 10 AD3d at 376; 72 NY Jur 2d, Interest and Usury § 41).

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Dickerson and Lott, JJ., concur.