■ Amelia Guerra, Appellant, v Crescent Street Corp., Respondent. QPII-38-05 Crescent Street, LLC, et al., Nonparty Respondents. [991 NYS2d 343]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated July 6, 2012, as denied that branch of her motion which was pursuant to CPLR 5014 to renew a judgment lien against real property located at 38-05 Crescent Street in Queens County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In 1993, the plaintiff commenced this action against the defendant, Crescent Street Corp., to recover damages for injuries she allegedly sustained when she fell on the defendant's property located at 38-05 Crescent Street in Queens County (hereinafter the property). The defendant failed to appear in the action and, on September 28, 1998, the Supreme Court entered a judgment in favor of the plaintiff in the total sum of $27,452.51. The judgment was docketed in the Queens County Clerk's Office on October 7, 1998, thus creating a 10-year lien on the property (see CPLR 5203 [a]). On January 31, 2008, the defendant sold the property to QPII-38-05 Crescent Street, LLC (hereinafter QPII). On August 1, 2008, the City Marshal attempted to execute the judgment against the property on behalf of the plaintiff but was unsuccessful. By notice of motion dated December 29, 2011, after the lien had expired, the plaintiff moved in the instant, original action, inter alia, to set aside the conveyance of the property to QPII as fraudulent and to extend the judgment lien on the property for another 10 years. By order dated July 6, 2012, the Supreme Court denied the motion, finding, among other things, that the plaintiff failed to timely commence an action for a renewal judgment pursuant to CPLR 5014.

"Since a money judgment is viable for 20 years, but a lien on real property is only effective for 10 years (see CPLR 211 [b]; 5203 [a]), the Legislature enacted CPLR 5014 to allow a judgment creditor to apply for a renewal of the lien by commencing an action for a renewal judgment" (Schiff Food Prods., Co., Inc. v M&M Import Export, 84 AD3d 1346, 1347-1348 [2011]; see Gletzer v Harris, 12 NY3d 468, 473 [2009]; Rose v Gulizia, 104 AD3d 757, 757-758 [2013]; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 678 [2011]). "Pursuant to CPLR 5014 (1), an action upon a money judgment may be maintained between the original parties where ten years have elapsed since the judgment was originally docketed" (Pangburn v Klug, 244 AD2d 394, 395 [1997]; see Premier Capital, LLC v Best Traders, Inc., 88 AD3d at 678). Thus, an action for a renewal judgment is not time-barred even when it is commenced more than 10 years after the original judgment was docketed (see Schiff Food Prods., Co., Inc. v M&M Import Export, 84 AD3d at 1348).

Here, instead of commencing a new action, as required by CPLR 5014, the plaintiff moved in the instant, original action to renew the judgment lien. In view of the plaintiff's failure to commence a new action and thereby satisfy the procedural

requirement of CPLR 5014, the Supreme Court properly denied that branch of her motion which was to renew the judgment lien on the subject property. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.