# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1200

CA 14-00773

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

PREMIER CAPITAL, INC., PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

KENT R. DEHAAN, DEFENDANT-RESPONDENT.

---

LECLAIR RYAN, P.C., ROCHESTER (MICHAEL J. CROSNICKER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LANCE J. MARK, PLLC, MEDINA (LANCE J. MARK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered July 24, 2013. The judgment and order, insofar as appealed from, denied that part of the motion of plaintiff for summary judgment, granted the cross motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the judgment and order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied, the complaint is reinstated and that part of the motion seeking summary judgment is granted, and the matter is remitted to Supreme Court, Monroe County, for entry of a renewal judgment in favor of plaintiff.

Memorandum: On a prior appeal, this Court concluded that plaintiff, as assignee of a default judgment entered against defendant, "was entitled to commence an action for a renewal judgment without permission pursuant to CPLR 5014 (1)" (*Chase Lincoln First Bank, N.A. v DeHaan*, 89 AD3d 1476, 1477). While that appeal was pending, plaintiff commenced such an action, and thereafter moved, inter alia, for summary judgment. We conclude that Supreme Court erred in denying plaintiff's motion insofar as it sought summary judgment and granting defendant's cross motion for summary judgment dismissing the complaint, and we therefore remit the matter to Supreme Court for entry of a renewal judgment in favor of plaintiff.

Plaintiff established its entitlement to judgment as a matter of law "by demonstrating the existence of the prior judgment, that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of th[e] action, and that the judgment remains . . . unsatisfied" (*Rose v Gulizia*, 104 AD3d 757, 758; *see* CPLR 5014; *Premier Capital, LLC v Best Traders, Inc.*, 88 AD3d 677, 678). In opposition, defendant failed to raise a triable issue

of fact (*see Pangburn v Klug*, 244 AD2d 394, 395; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We reject defendant's contention that the action is barred by laches inasmuch as "laches is an equitable defense which is unavailable [here, i.e.,] in an action at law commenced within the period of limitation" (*Premier Capital, LLC*, 88 AD3d at 678).  Finally, contrary to defendant's further contention, plaintiff's commencement of another action seeking identical relief did not implicate the doctrine of election of remedies (*see generally Matter of City of Syracuse v Fitch St. Props., LLC*, 71 AD3d 1388, 1389).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court