Queens Neurology, P.C. v Allstate Ins. Co. (2024 NY Slip Op 50848(U))

[*1]

Queens Neurology, P.C. v Allstate Ins. Co.

2024 NY Slip Op 50848(U)

Decided on July 5, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2024
Supreme Court, Kings County

Queens Neurology, P.C. a/a/o NICHOLETTE D. ROSE, Plaintiff,

against
Allstate Ins. Co., Defendant.

Index No. 532940/2021

Aaron D. Maslow, J.

The following numbered papers were used on these motions: NYSCEF Document Numbers 15-27, 29-31.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within two motions are determined as follows:
INTRODUCTION
In the well-cited decision of Zuckerman v City of New York (49 NY2d 557 [1980], the Court of Appeals discussed opposition to a motion for summary judgment:
Normally if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form (e.g., Phillips v Kantor & Co., 31 NY2d 307; Indig v Finkelstein, 23 NY2d 728; also CPLR 3212, subd [f])." We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or [*2]assertions are insufficient (Alvord v Swift & Muller Constr. Co., 46 NY2d 276, 281-282; Fried v Bower & Gardner, 46 NY2d 765, 767; Platzman v American Totalisator Co., 45 NY2d 910, 912; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290). (49 NY2d at 563.)
The within motions present the issue of what circumstances justify a court's acceptance of the opponent's evidence not strictly adhering to the rules of evidence on a motion for summary judgment, especially in opposition so as to warrant denying the movant's motion.

 PLAINTIFF'S CONTENTIONS
In this action, Plaintiff Queens Neurology, P.C. maintains that in 2002, it obtained a judgment against Defendant Allstate Ins. Co. in Queens Civil Court in the amount of $2,523.48, and that it was never paid. The instant action was commenced for renewal of the judgment pursuant to CPLR 5014. (See NY St Cts Elec Filing [NYSCEF] Doc No. 6, Tsirelman aff ¶¶ 2-3.)
Plaintiff moves in Motion Sequence No. 1 for summary judgment against Defendant on its cause of action (see NYSCEF Doc No. 5, notice of motion). It mentions that ten years have elapsed since the first docketing of the judgment (see NYSCEF Doc No. 6, Tsirelman aff ¶ 5).
In further support, Plaintiff submits the affidavit of Andrew Ivanson, former doctor and the sole owner of Plaintiff.[FN1]
In pertinent part, Mr. Ivanson attested to:
2. . . . After not receiving any payment from the Defendant, a lawsuit was instituted on behalf of Queens Neurology PC in Queens County NY with the caption of Queens Neurology PC v Allstate Ins. Co. ("Allstate") with an index # 031721/02.
3. Allstate defaulted in the above stated action and a judgment was entered in favor of the Plaintiff and against the Defendant on March 5, 2002 in the amount of $2,523.48 plus statutory interest pursuant to 11 NYCRR 65-3.9(a)[.] Allstate has not paid any amount of the judgment and the judgment remains outstanding.
4. Plaintiff filed the instant action on 12/23/2021 for a renewal of judgment pursuant to CPLR 5014. Ten years have elapsed since the first docketing of the judgment. Defendant answered. This summary judgment motion is now being filed for renewal of judgment.
(NYSCEF Doc No. 7, Ivanson aff ¶¶ 2-4.)
Plaintiff submitted a copy of the judgment from Queens Civil Court (see NYSCEF Doc No. 9, judgment).

DEFENDANT'S CONTENTIONS
Defendant opposed Plaintiff's motion for summary judgment and, in Motion Sequence [*3]No. 2, cross-moves for summary judgment on its own behalf. Counsel, whose affirmation opposed Plaintiff's motion and served to support its cross-motion, asserted:
Allstate satisfied this judgment many years ago. Allstate's electronic records show that Allstate paid Plaintiff and its attorney after the judgment was entered. Allstate's records identify the claim number associated with the judgment, the check numbers, the date the checks were issued, the date the checks were cashed, and a note from a claims representative explaining the context for the payment. To corroborate these records, Allstate also submitted an explanation of benefits showing payment to Plaintiff and its attorney. (NYSCEF Doc No. 19, Levy aff ¶ 7.)
It is further argued:
But even if this Court were to find that such evidence does not warrant dismissal of Plaintiff's complaint, the Court should still deny Plaintiff's motion for summary judgment for two independent reasons. Plaintiff's motion is premature because discovery has not been completed, and Allstate must have an opportunity to conduct discovery of Plaintiff's records and the records of its former attorney to further corroborate its claim that the judgment has been satisfied. Allstate also requires additional discovery to determine whether Plaintiff has standing to bring this action in the first place. Second, even if the Court denies Allstate's motion for summary judgment, the evidence Allstate submitted raises a triable issue of fact. If the Court were to find that Allstate's evidence is not in admissible form, Allstate has an acceptable excuse for not submitting evidence in admissible form. Plaintiff waited nearly 20 years before seeking a renewal judgment, long after Allstate's bank destroyed copies of checks and long after Allstate destroyed paper copies of records. (Id. ¶ 8.)
As part of its submission on these motions, Defendant submitted an affidavit from Joan Rolfe, a claim service consultant with Plaintiff. She attested to being "personally and fully familiar with the standard business practices that have been employed by Allstate since 1996 in connection with electronically documenting payments to medical providers" (NYSCEF Doc No. 24, Rolfe aff ¶ 2). She further attested as follows:
In my capacity as a Claim Service Consultant, I have reviewed the documents associated with this lawsuit, which are attached and described more fully below. Each of the documents that are annexed to this affidavit was: (i) created and maintained by Allstate in the regular course of its business, (ii) to the extent created, each was created by Allstate and its employees, who (iii) had an obligation to create and maintain the documents in the regular course of its business, and (iv) are a true and accurate representation of Allstate's electronic records[.] (Id. ¶ 3.)
Ms. Rolfe described Defendant's electronic record keeping system for payments:
4. Since 1996, Allstate followed the standard business practices associated with electronically documenting payments to medical providers.
5. In the ordinary course of business, Allstate regularly maintains electronic information about payments made to medical service providers and their attorneys in an electronic system.
6. Each time Allstate issues a check, an Allstate employee, in the regular course of Allstate's business, enters the claim number, payment amount, payee and reason for the payment into Allstate's electronic system. Allstate's electronic system also had a free-form box, where a claims professional can add notes and additional information.
7. Based on this data, Allstate's system automatically generates a check and records the check number and date of issuance into Allstate's electronic system. Once the check is, in fact, cashed, Allstate's system automatically records that date in Allstate's electronic system.
8. Allstate employees had an obligation to record the payment amount, check number, payee, and reason for the payment into Allstate's electronic system in the regular course of its business, and Allstate's system automatically records the date a check was issued and the date the check was, in fact, cashed.
. . .
9. Allstate has electronically stored versions of explanations of benefits (EOB) in the ordinary course of its business since 1996 and continues to do so today.
10. When a claims decision to pay or deny a request for PIP benefits is made, an Allstate employee enters claim number, payment amount, payee, and reason for the payment into Allstate's electronic system.
11. From this data, Allstate's system automatically generates an EOB and automatically mails the EOB to the applicant seeking PIP benefits.
12. The EOB remains stored in Allstate's electronic system.
(Id. ¶¶ 4-12.)
Finally, Ms. Rolfe attested that attached were "a printed copy of Allstate's electronic records showing checks issued to Plaintiff and its former attorney, Michael Goldman" (id. ¶13), and the explanation of benefits (id. ¶ 14). "I have personally accessed Allstate's electronic system using the claim number associated with the injured eligible person and the date of accident. The attached exhibits are a true and accurate representation of electronic versions stored on Allstate's electronic system," Ms. Rolfe maintained. (Id. ¶ 15.)
The explanation of benefits form, dated June 12, 2003, sets forth that $1,428.95 was being paid to Queens Neurology, P.C. (Plaintiff), inclusive of interest, in Index No. 31721//02, in settlement of suit, with respect to a miscellaneous treatment on July 6, 2000 of Plaintiff's assignor, Nicholette D. Rose (see NYSCEF Doc No. 26, explanation of benefits).
The purported screenshots of Defendant's check records show that check number 035898219 was issued on June 13, 2003 to Queens Neurology, P.C. (Plaintiff) in the amount of $1,428.95, to cover a date of service of July 6, 2022, with respect to Nicholette D. Rose, and that check number 035898228 was issued on June 13, 2003 (payee information not viewable) in the amount of $361.00 with respect to Nicholette D. Rose, comprised of $75.00 for "Legal bills — [*4]DA" and $286.00 for "Attorneys Fee" (NYSCEF Doc No. 25, def payment records at 2).[FN2]
The checks were cashed on September 5, 2004. Included are notations:
Analysis Text : PIP JUDGMENT
Analysis Text : RECEIVED PIP JUDGMENT FROM GOLDMAN 7 RIO-HAND DELIVERED BY MICHAEL
Analysis Text : GOLDMAN —QUEENS NEURO DOS 7/6/00. This JUDGMENT WAS VACATED ON THE
Analysis Text : BASIS OF SETTLEMENT THAT PLTF ATTY MADE W/ CHRISTINA N. OF QUEENS
Analysis Text : LEGAL ON 5/29/02, BUT SETTLEMENT WAS NEVER PD. ATTY IS NOW THREATENING
Analysis Text : FURTHER LEGAL ACTION. ATTY Also SUPPLIED COPIES OF ALL F/U REQ FOR
Analysis Text : PAYMENT. PD SETTLEMENT; ATTY TO PICK UP CHECKS TOMORROW.
Analysis Text : 6/12/2002
(Id. at 3.)

 PLAINTIFF'S FURTHER CONTENTIONS
In response to the foregoing contentions of Defendant, Plaintiff replied that Defendant's records were inadmissible under CPLR 4518, as the Rolfe affidavit lacked a caption and failed to lay a foundation for the documents. There were insufficient details about where Ms. Rolfe worked, who entered the information, the electronic system, the checks themselves, and the calculations, argued Plaintiff. (See NYSCEF Doc No. 29, Tsirelman reply aff ¶¶ 2-4) Defendant has not proved neither that it paid the subject judgment nor that there was a triable issue of fact (see id. ¶¶ 9-14). Finally, the Court should reject Defendant's argument that Plaintiff's motion was premature, countered Plaintiff (see id. ¶¶15-20).

 DISCUSSION
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden [*5]shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557). "Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion. . . ." (CPLR 3212 [f]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
And, as was quoted above, "the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form" (Zuckerman v City of New York, 49 NY2d at 563). "[P]roof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (Zuilkowski v Sentry Ins., 114 AD2d 453, 454 [2d Dept 1985]. Whether the excuse of the nonmoving party offered to explain why evidence was not submitted in admissible form "will be acceptable must depend on the circumstances in the particular case" (Friends of Animals, Inc. v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]).
Moreover, in opposing a summary judgment motion as premature pursuant to CPLR 3212 (f), the opposing party must make an evidentiary showing supporting the conclusion that facts essential to justify opposition may exist but cannot then be stated, and mere speculation or conjecture is insufficient (see Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired, 118 AD3d 1454 [4th Dept 2014]. "It is incumbent upon the opposing party to provide an evidentiary basis to suggest that discovery might lead to relevant evidence" (Suero-Sosa v Cardona, 112 AD3d 706, 708 [2d Dept 2013]). "A party who contends that a motion for summary judgment is premature must show that there is some evidentiary basis to believe that further discovery would produce relevant evidence or that facts essential to justify opposition to the motion are exclusively within the knowledge and control of the other party" (Vueva v 373 Wythe Realty, Inc., 111 AD3d 876 [2d Dept 2013]).
This Court determines that the evidence submitted by Defendant in support of its defense that the judgment at issue was paid fails to comport with the rules of evidence. The affidavit of Ms. Rolfe, which purported to authenticate Defendant's business records did not comport with the business record exception to the hearsay rule. At a minimum, she did not attest that the records were made at the time of the act or occurrence recorded or within a reasonable time thereafter (see CPLR 4518 [a]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]). The screenshots are double hearsay of the underlying records and their creation was not explained.[FN3]
The records also are hearsay information about the actual checks, which were not produced in cashed form.
Here, however, this Court finds that Defendant demonstrated an acceptable excuse for failing to submit evidence comporting strictly with the business record exception to the hearsay rule. At the time this action was commenced in December 2021, nineteen years (close to 20) had elapsed. The action to renew the judgment could have been commenced earlier (a year prior to [*6]the ten-year anniversary of the judgment [see CPLR 5104]), but Plaintiff did not do so.
Moreover, as set forth above, Defendant argued that discovery has not been completed, and Defendant should be afforded an opportunity to conduct discovery of Plaintiff's records and the records of Plaintiff's former attorney, who was disbarred, in order to corroborate Defendant's claim that the judgment was satisfied. Defendant also requires additional discovery to determine whether Plaintiff has standing to bring this action in the first place since Mr. Ivanson's medical license was terminated and his corporation dissolved in 2009. Second, even if the Court denies Allstate's motion for summary judgment, the evidence Allstate submitted raises a triable issue of fact. If the Court were to find that Allstate's evidence is not in admissible form, Allstate has an acceptable excuse for not submitting evidence in admissible form. Plaintiff waited nearly 20 years before seeking a renewal judgment, long after Allstate's bank destroyed copies of checks and long after Allstate destroyed paper copies of records. (See supra at 3; NYSCEF Doc Nos. 19, Levy aff ¶¶ 7-8; 30, Levy reply aff ¶¶ 13-17.)
An alleged judgment debtor who establishes prejudice resulting from the alleged judgment creditor's delaying in seeking renewal of an old judgment may assert such delay in opposition (cf. Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677 [2d Dept 2011]). While the Court in Premier Capital, LLC noted that the defendant failed to allege having suffered actual prejudice, here it was alleged.
Inasmuch as Defendant demonstrated an acceptable excuse for failing to submit evidence in strictly admissible form and that discovery might assist it in preparing adequate opposition to renewal of the subject judgment — to show that an issue of fact exists warranting a trial — Plaintiff's motion for summary judgment must be denied. Since Defendant's evidence submitted on the cross-motion was not in admissible form, it is not entitled to the granting of summary judgment.
Accordingly, it is hereby ORDERED that
(1) Plaintiff's motion for summary judgment (Motion Seq. No. 1) is DENIED with leave to renew following completion of discovery.
(2) Defendant's cross-motion for summary judgment (Motion Seq. No. 2) is DENIED with leave to renew following completion of discovery.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. Defendant asserts that Andrew Ivanson has been barred from the practice of medicine (see NYSCEF Doc No. 18, def mem law at 10), and that Plaintiff itself was dissolved in 2009 (see NYSCEF Doc No. 23, NYS Dept State records).

Footnote 2:. Contrary to Plaintiff's counsel's assertion that these screenshots are "blurry" (NYSCEF Doc No. 29, Tsirelman reply aff ¶¶ 5, 6), this Court finds that they are legible upon close scrutiny.

Footnote 3:. In U.S. Bank Trust, N.A. v Miele (186 AD3d 529 [2d Dept 2020], cited by Defendant at NYSCEF Doc No. 30, Levy reply aff ¶ 9, the screen shots were properly authenticated, unlike here.