**GSFNT Recovery Fund, LLC v Ellison**

2024 NY Slip Op 32340(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 651168/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. NICHOLAS W. MOYNE**      **PART**        **41M**

*Justice*

-----------------------------------------------------------------------------X

GSFNT RECOVERY FUND, LLC,AS ASSIGNEE OF
FIDELITY NATIONAL TITLE INSURANCE COMPANY OF
NEW YORK

| | |
|---|---|
| **INDEX NO.** | 651168/2023 |
| **MOTION DATE** | 03/06/2023 |
| **MOTION SEQ. NO.** | 001 |

Plaintiff,

- v -

KEVIN ELLISON,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11
were read on this motion to/for     JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.

Upon the foregoing documents, it is

Plaintiff, GFSNT Recovery Fund, LLC ("GFSNT"), as assignee of Fidelity National Title

Insurance Company of New York, now moves for an order directing entry of summary judgment

in lieu of a complaint, pursuant to CPLR § 3213, against the defendant, Kevin Ellison

("Ellison"), for the amount of the unpaid principal owed by defendant to plaintiff. On May 28,

2013, a judgment was granted in the Supreme Court of New York County with the New York

County Clerk's Office entering judgment in favor of Fidelity National Title Insurance Company

of New York and against the defendant for the total amount of $472,615.15 (*see* NYSCEF Doc.

No. 4). Plaintiff has also submitted a Notice of Assignment of Judgment and Assignment of

Judgment, executed on February 22, 2023, in which Fidelity National Title Insurance Company

of New York assigned to GFSNT all rights, obligations, liabilities, and responsibilities with

respect to the above-mentioned May 28, 2013-judgment (NYSCEF Doc. No. 5). Plaintiff has

alleged that defendant has not paid any part of the sum to date. Plaintiff submitted its motion of

651168/2023  GSFNT RECOVERY FUND, LLC, AS ASSIGNEE OF FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK vs. ELLISON, KEVIN
Motion No.  001

Page 1 of 5

[* 1]

summary judgment in lieu of complaint on March 6, 2023, and the "Summons and Notice of Motion for Summary Judgment In Lieu of Complaint" in this action were personally served on the defendant on May 11, 2023 (NYSCEF Doc. No. 12).

A CPLR § 3213 motion is used when an action is based upon an instrument for the payment of money only or upon any judgment, and the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. CPLR § 3213 provides for accelerated judgment where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or similar *de minimis* deviation from the face of the document" (*Target Capital 2 LLC v Susglobal Energy Corp.*, 2024 WL 2621416 [Sup Ct, NY County 2024], quoting *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). The usual standards for summary judgment apply on a CPLR § 3213 motion and the movant has the burden of establishing a prima facie case by presenting an instrument for the payment of money only and evidence of a failure to make payment called for by its terms (*Matas v Alpargatas S.A.I.C.*, 274 AD2d 327 [1st Dept 2000]). Additionally, renewal of a default judgment is appropriate if it is commenced within ten years after the original judgment, and the movant can establish prima facie showing that no part of the judgment has been satisfied (*Premier Capital, LLC v Best Traders INC*, 88 AD3d 677 [2nd Dept 2011]). To establish a prima facie entitlement for a renewal judgment, the movant must show: (1) the existence of an underlying judgment, (2) that the defendant was a judgment debtor, (3) the underlying judgment was docketed at least nine years earlier, (4) and that the underlying judgment remained partially or completely unsatisfied (*Lull v Van Tassell*, 171 AD3d 1155 [2nd Dept 2019]).

651168/2023   GSFNT RECOVERY FUND, LLC, AS ASSIGNEE OF FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK vs. ELLISON, KEVIN
Motion No. 001

Page 2 of 5

[* 2]

2 of 5

Actions involving claims brought under CPLR § 3213 and CPLR § 5014 are related in that a plaintiff may bring a CPLR § 5014 action for a renewal judgment as a CPLR § 3213 claim, suggesting that an action for renewal judgment involves a claim for a sum certain (*see Capital Equity, LLC v Sunshine,* 158 NYS3d 798 [Sup Ct, Kings County 2021]). In New York, money judgments are enforceable for 20 years but a real property lien resulting from the money judgment is only viable for 10 years (CPLR §§ 211 [b]; 5203 [a]). Accordingly, in response, the Legislature enacted CPLR § 5014 to give judgment creditors the option to extend the life of a lien by commencing an action for a renewal judgment and "permits a judgment creditor to commence an action for a renewal judgment where 10 years have elapsed since the judgment was originally docketed" (*Premier Capital, LLC v Best Traders, Inc,* 88 AD3d 677 [2nd Dept 2011], quoting *Schiff Food Products, Co., Inc. v M & M Import Export,* 84 AD3d 1346, 1348 [2d Dept 2011]).

Here, the movant has not met his burden of establishing a prima facie case. The moving party must present evidence that they are an "original party" to the judgment, a copy of the original judgment, and provide evidentiary evidence that no part of the judgment has been satisfied (*Premier Capital, LLC v Best Traders, Inc.,* 88 AD3d 677 [2nd Dept 2011]). The plaintiff has established the existence of an underlying judgment of which they were an original party by submitting a Notice of Assignment of the original May 28, 2013-judgment for the payment of $472,615.51 and have further proved that the defendant was a judgment debtor as he was the named defendant in the original judgment (*see* NYCEF Doc. No. 4; 5). However, movant has not met its burden of establishing nonpayment by the defendant regarding the amount of the original judgment. Plaintiff has not submitted sufficient evidence to show that the underlying judgment remains partially or completely unsatisfied, but instead, merely submits an

**651168/2023   GSFNT RECOVERY FUND, LLC, AS ASSIGNEE OF FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK vs. ELLISON, KEVIN
Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

attorney affirmation from its' counsel which iterates that no part of the judgment has been paid or satisfied (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980] [An attorney affirmation without a demonstration of personal knowledge of the factual matter at issue is without evidentiary value and thus unavailing]; *Ramos v New York City Hous. Auth.*, 264 AD2d 568, 568 [1st Dept 1999]; contra. *Unclaimed Prop. Recovery Serv., Inc. v Credit Suisse First Boston Corp.*, 172 AD3d 463, 464 [1st Dept 2019] [An attorney's affirmation may be used to submit evidence in admissible form, such as documents and transcripts]). Therefore, without additional evidence on this point, plaintiff has not met its burden of demonstrating proof of nonpayment required to establish a prima facie case on a motion for summary judgment in lieu of a complaint.

Moreover, for on motion for summary judgment in lieu of complaint, CPLR § 3213 prescribes that the plaintiff "may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint". CPLR § 3213 is a "hybrid procedure incorporating certain elements of an action and certain elements of motion practice" and as "with a plenary action, jurisdiction is obtained over the [d]efendant by serving the [d]efendant with the summons, notice of motion and supporting papers in a method prescribed in CPLR Article 3" (*Alpine Capital Bank v Estate of Shiah*, 67 Misc 3d 1219[A] [Sup Ct 2020], quoting *Goldstein v Saltzman*, 13 Misc 3d 1023, 1025 [Sup Ct 2006]). Here, the affidavit of service for defendant states that defendant was served with the "Notice of Electronic Filing, Summons and Notice of Motion For Summary Judgment In Lieu of Complaint", but contains no mention of service of the supporting papers (NYSCEF Doc. No. 12). Considering that improper service of a motion provides a complete excuse for default on a motion and deprives the court of jurisdiction to entertain the motion and, likewise, the failure to provide a defendant with proper notice of a

**651168/2023  GSFNT RECOVERY FUND, LLC, AS ASSIGNEE OF FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK vs. ELLISON, KEVIN
Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 5

motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur, plaintiffs motion should be denied (*Blue Lagoon, LLC v Reisman*, 214 AD3d 938, 940 [2d Dept 2023]).

Accordingly, it is hereby

ORDERED that the plaintiff's motion for summary judgment in lieu of a complaint is DENIED without prejudice to renew upon proper proof of service and upon the submission of proper proof of nonpayment in accordance with and as required by CPLR § 3213 within 20 days of the date of this decision and order.

This constitutes the decision and order of the court.

| 7/8/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | NICHOLAS W. MOYNE, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|-----------------------|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

651168/2023   GSFNT RECOVERY FUND, LLC, AS ASSIGNEE OF FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK vs. ELLISON, KEVIN
Motion No. 001

Page 5 of 5

5 of 5