# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**111**

**CA 14-01212**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

GORDON H. DICK, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STATE UNIVERSITY CONSTRUCTION FUND,
DEFENDANT-APPELLANT.

---

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (P. DAVID TWICHELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

HISCOCK & BARCLAY, LLP, SYRACUSE (BRITTANY E. AUNGIER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 13, 2013. The order denied the motion of defendant to vacate an order granting plaintiff leave to file a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff was allegedly injured in January 2012, when he fell while working on a construction site owned by defendant, a public corporation. Approximately one year after the accident, plaintiff filed an application for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). Defendant did not oppose the application, but sought an adjournment the day before the return date on the application. Supreme Court denied defendant's request for an adjournment and, by order dated March 8, 2013, granted plaintiff's application. Thereafter, defendant moved to vacate that order pursuant to CPLR 5015 (a) (3) on the ground that, in his application, plaintiff had misrepresented that a witness to his fall was defendant's employee, thereby incorrectly imputing knowledge of the accident to defendant.

The court properly denied defendant's motion "inasmuch as the evidence establishes that defendant had knowledge of the alleged [misrepresentation] before entry of the [order]" (*Chase Lincoln First Bank, N.A. v DeHaan*, 89 AD3d 1476, 1477; *see Matter of Livingston County Support Collection Unit v Zamiara*, 309 AD2d 1259, 1260). Indeed, defendant's own submissions establish that it knew prior to the March 8 order that it did not have any employees at the construction site at the time of plaintiff's fall and that it knew the witness in question had not been its employee. We do not consider

defendant's contention that the court should have granted its request to adjourn plaintiff's application.  In the context of this appeal from an order denying a motion to vacate pursuant to CPLR 5015 (a) (3), the issue before us is whether defendant was able to show that plaintiff engaged in fraud, misrepresentation, or other misconduct, of which it was unaware when the court entered its order (*see Chase Lincoln First Bank, N.A.*, 89 AD3d at 1477; *Livingston County Support Collection Unit*, 309 AD2d at 1260).

Entered:  February 13, 2015                         Frances E. Cafarell
                                                    Clerk of the Court